RICHARD P. HALLOWELL *vs.* MOSES B. AMES.

Essex. November 6, 1895. — January 3, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Equity Jurisdiction — Foreclosure of Mortgage without Power of Sale — Statute.*

In the absence of special facts calling for equitable relief a court of equity has no jurisdiction to decree a foreclosure and sale of real estate conveyed by a mortgage deed which does not contain a power of sale, but the rights of the parties are determined by the provisions of Pub. Sts. c. 181.

BILL IN EQUITY, filed in the Superior Court on September 20, 1889, alleging that the defendant, on September 12, 1871, made a promissory note for $2,300, payable on demand to the order

of Joseph W. Smith, and secured by a mortgage of land in Lawrence, duly recorded, and which did not .contain .a power of sale; that, on February 7, 1889, Smith executed a deed of assignment of all his property, including said note and mortgage, to the plaintiff, for the benefit of the creditors of Smith; and that the plaintiff had demanded of the defendant payment of said sum of $2,300, and of the interest thereon, but the defendant had refused to pay the same. The prayer of the bill was that the land conveyed by the mortgage might be sold under the direction of the court, and the proceeds of the sale applied to the payment of said $2,300 and interest, and for general relief. The defendant demurred to the bill, for want of equity. The demurrer was sustained, and the bill dismissed; and the plaintiff appealed to this court.

*H. E. Warner*, for the plaintiff.

*C. G. Saunders*, for the defendant.

KNOWLTON, J. The fundamental question in this case is whether, in the absence of special facts calling for equitable relief, the court has jurisdiction in equity to decree a foreclosure and sale of real estate conveyed by a mortgage deed which does not contain a power of sale. Were there no statutes in regard to the foreclosure of mortgages in this Commonwealth there would be much force in the suggestion that, since the enactment of statutes giving the courts full equity jurisdiction, a sale may be ordered by the court in an ordinary suit for the foreclosure of a mortgage which contains no power of sale, as is the practice elsewhere when mortgages are foreclosed under the general jurisdiction of courts of chancery. St. 1877, c. 178, § 1. Pub. Sts. c. 151, §§ 2, 4. St. 1883, c. 223.

But we have long had elaborate statutory provisions for the foreclosure and redemption of mortgages, which fix the rights of mortgagors and mortgagees. Pub. Sts. c. 181. The subject of foreclosure appears in the statute under two heads, " Foreclosure by three years' possession," and " Foreclosure by sale." Section 1 is as follows: " After a breach of the condition of a mortgage of real estate, the mortgagee may recover possession of the mortgaged premises by action in the manner hereinafter provided; or he may make an open and peaceable entry on such premises, if not opposed by the mortgagor or other person claim-

ing the same; and such possession, obtained in either mode, if continued peaceably for three years, shall forever foreclose the right of redemption." Section 14, which is the first under the head of foreclosure by sale is as follows: " When a power of sale is contained in a mortgage, and a conditional judgment has been entered, the demandant may, instead of a writ of possession, have a decree entered that the property be sold pursuant to such power of sale, and thereupon the demandant shall give such notices and do all such acts as are authorized and required by the power or by the court passing the decree." After these sections respectively follow elaborate provisions for obtaining a foreclosure in each of these ways. In §§ 17, 18, and 19 of the same chapter, the right of mortgagees holding mortgages containing a power of sale to sell under the power without the intervention of a court, is recognized and regulated. This chapter purports to settle the rights of the parties to a mortgage in regard to foreclosure, and we think it should not be held that by a resort to equity a mortgagee can obtain a foreclosure in a shorter time than the statute prescribes. Parties must be presumed to have made their contracts in reference to these statutes. No case in this Commonwealth is known in which a sale has been decreed by a court of equity so as to accomplish a foreclosure in less than three years, in the absence of special provisions in the mortgage authorizing a sale. To hold that the general language of the later statutes in regard to equity jurisdiction has repealed or modified the statutes in regard to mortgages would give it a force beyond the probable intention of the Legislature. See *Husband* v. *Aldrich*, 135 Mass. 317.

We are therefore of opinion that, upon the facts stated in this bill, the plaintiff has a plain, adequate, and complete remedy at common law, and that the decree sustaining the demurrer and dismissing the bill should be

*Affirmed.*