OLD COLONY TRUST COMPANY *vs.* GREAT WHITE SPIRIT
COMPANY & others.

Suffolk.    December 5, 1900. — February 28, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

There is jurisdiction in equity in this Commonwealth to decree a foreclosure of a
mortgage and to order a sale of mortgaged property, where the mortgage cre-
ates a trust with elaborate provisions for the protection of the rights of the par-
ties in case of a breach of condition, and the property conveyed includes nearly
all the property of the mortgagor consisting of real estate in two counties and a
variety of articles of personal property on the mortgagor's premises in each of
the two counties.

BILL IN EQUITY brought by the Old Colony Trust Company
as trustee representing the holders of the bonds of the Great
White Spirit Company, the first named defendant, to foreclose
the mortgage and supplemental mortgages securing said bonds,
filed June 22, 1899.

The following facts appeared by the bill and answers and were
not controverted: The Great White Spirit Company is a corpo-
ration existing under the laws of New Jersey having authority
to mortgage its property.    The principal mortgage sought to be
foreclosed was dated January 1, 1895, and conveyed to the plain-
tiff, as trustee, for the purpose of securing the payment of the
principal and interest of the bonds above named, " All that
certain lot of land with the buildings thereon situated in Cam-
bridge, in the county of Middlesex, and Commonwealth of
Massachusetts, on the northerly side of Cambridge Street, and
bounded and described, as follows : [Description.]    Together
with and including all plant and machinery now on said prem-
ises. . . . Together with all appurtenances, easements, tene-
ments, hereditaments, buildings, erections and structures now
or hereafter situated upon the said real property, or connected
therewith, or in any way appertaining thereto ; together with all
the distilling apparatus, machinery, plant, tools, equipment and
fixtures of every name, nature and description whatever, now or
hereafter acquired and situated or to be situated upon the said

real property, connected with or pertaining to the business now or hereafter to be carried on by the said company, whether the personal property last above-mentioned be affixed to the said real property or not. And also two other and further pieces or parcels of real property situated in the State of Massachusetts, to be acquired by the said company from Richard C. Sibley, of the City, County and State of New York; for a description of which reference is hereby made to two certain deeds [one recorded in the County of Middlesex and the other in the County of Suffolk]. Together with all the appurtenances, etc. [with the same enumeration as in the clause above quoted]. To have and hold the said property hereby conveyed or intended to be conveyed, unto the said Trustee, its successors and assigns forever. In trust, nevertheless, for the equal and proportionate benefit and security of all and every of the present and future holders of any and all bonds and interest obligations issued under and secured by this indenture, whether now issued or hereafter to be issued, without preference, priority or distinction as to lien or otherwise of any one bond or interest obligation over any other bond or interest obligation by reason of priority in issue or negotiation thereof; it being intended that the lien and security of all such bonds shall take effect from the day of the date of this indenture without regard to the date of actual issue, sale or disposition thereof. This trust to be upon the following terms and conditions ": [Here follow the provisions of the trust including provisions for remedies in case of default.]

On January 28, 1895, the Great White Spirit Company, in pursuance of covenants contained in the principal mortgage, executed and delivered to the plaintiff two supplementary mortgage deeds of real and personal property, and one supplementary chattel mortgage, in trust to hold and dispose of the premises and property conveyed by the supplementary conveyances upon the terms, covenants, and conditions of the principal mortgage, for the further security and protection of the holders of its bonds.

The supplementary mortgages were as follows: A mortgage of real and personal property in Cambridge recorded with Middlesex South District Deeds, February 1, 1895; a mortgage of

real and personal property in Boston recorded with Suffolk Deeds, February 1, 1895; and a chattel mortgage covering all the personal property described in the principal mortgage and supplementary mortgages, recorded in the office of the city clerk of Cambridge, February 1, 1895.

After various proceedings not now material, a justice of this court on July 28, 1900, made a decree of foreclosure and sale. From this decree the Great White Spirit Company appealed.

It was contended in behalf of the appellant, that the decree should be reversed, on the ground that the court had no jurisdiction in equity of a bill to foreclose a mortgage, in the absence of special facts making a resort to equity necessary, and that such special facts did not exist in this case.

*W. H. Dunbar*, for the Great White Spirit Company.

*C. K. Cobb*, for the plaintiff.

KNOWLTON, J. The only question in this case is whether there is jurisdiction in equity to order a foreclosure of the mortgage by a sale, according to the terms of the decree. In *Hallowell* v. *Ames*, 165 Mass. 123, the general rule was stated that in the absence of special facts calling for equitable aid, the court has no jurisdiction in equity to decree the foreclosure and sale of real estate conveyed by a mortgage which does not contain a power of sale. In ordinary cases the elaborate statutory provisions for the foreclosure and redemption of mortgages, contained in the Pub. Sts. c. 181, fix the rights of mortgagors and mortgagees, and exclude resort to other methods; but when the terms of the mortgage as applied to the mortgaged property are such that the statutory provisions for foreclosure are not adequate to secure to both parties their rights, and to adjust the equities between them, the general jurisdiction of courts of equity, without reference to the Pub. Sts. c. 151, § 2, is broad enough to authorize a proper decree for foreclosure. This jurisdiction has repeatedly been recognized and exercised in this Commonwealth. *Shaw* v. *Norfolk County Railroad*, 5 Gray, 162. *Haven* v. *Grand Junction Railroad & Depot Co.* 12 Allen, 337, 341. *First National Ins. Co.* v. *Salisbury*, 130 Mass. 303. *Hallowell* v. *Ames*, 165 Mass. 123. *Old Colony Railroad* v. *Chadwick*, 171 Mass. 239. In the case last cited the court says, " We think there is no doubt that a court of equity under our statutes has

jurisdiction over suits to foreclose mortgages of railroads, and in such cases may order a sale of the property and franchises covered by the mortgage." In the other cases above cited, jurisdiction is assumed on general principles, without reference to the statutory provisions in regard to mortgages of railroads.

In the present case the mortgage creates a trust, and there are elaborate provisions as to the protection of the rights of the parties if there is a breach of condition of the mortgage. The property conveyed includes nearly all the property of the mortgagor, real and personal, a part of it being real estate in Middlesex County, a part real estate in Suffolk County, and the rest a variety of articles of personal property on the mortgagor's premises in Boston and in Cambridge. Because a writ of entry to foreclose a mortgage is a local action, if there should be a foreclosure by a suit under the statute, two actions would be necessary, one in Middlesex County and one in Suffolk. Separate proceedings would be necessary for a foreclosure of the mortgage on the personal property, requiring records in each of the cities where the mortgage is recorded. Pub. Sts. c. 192, §§ 7, 8, 9. For these reasons, to say nothing of other important reasons growing out of special provisions contained in the indenture of mortgage, we are of opinion that the provisions of the statute are not adequate to protect and enforce the rights of the parties in the best way, and that, therefore, there is jurisdiction in equity to order a sale of the property under the mortgage.

*Decree affirmed.*