OLD COLONY TRUST COMPANY *vs.* GREAT WHITE SPIRIT COMPANY & others.

Suffolk. February 25, 1902. — May 22, 1902.

Present: KNOWLTON, MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Mortgage. Equity Pleading and Practice.*

A court, having made a decree in equity ordering a foreclosure sale, may make an order postponing the sale without notice to the parties. The rights of all parties would be protected sufficiently by notice of the time to which the sale was adjourned.

A departure by a special master conducting a foreclosure sale from the terms of the decree ordering the sale, does not require that the sale should be set aside, unless also it appears, or there is good reason to believe, that the party complaining has been injured thereby, and has a right to be heard concerning the matter of which he complains. In such a case the court can change or modify the decree at any time before it is carried into effect, and, after it is carried into effect, can confirm the doings of its agent, provided the rights of parties interested have not been affected to their injury.

MORTON, J.    This is a bill in equity to foreclose a mortgage.
The case was before this court in 178 Mass. 92 on an appeal
from a decree authorizing the foreclosure.    The jurisdiction in
equity was sustained and the decree was affirmed.    A special
master was appointed pursuant to the decree to make sale of the
mortgaged property and he has done so.    The case comes here
now on an appeal from and exceptions to an order authorizing
the master to adjourn the sale, and on an appeal from a decree
confirming the sale.

The special master advertised and gave notice of the sale of
the property " at the Real Estate Exchange and Auction Board,
7 Exchange Place, in the City of Boston," " on Monday the
twentieth day of May, 1901, at eleven o'clock in the forenoon."
Shortly before the hour appointed for the sale, parties, represent-
ing about three quarters of the bonds secured by the mortgage,
appeared before a justice of this court in chambers and made a
motion that the sale be postponed to June 20.    No notice of the
motion was given to the mortgagor or other parties interested,
and the parties making it were not parties to the suit, and the
counsel representing them were not counsel of record.    The
special master was present, and was consulted by the court, and
stated that, while he did not deem it his duty to oppose the
motion, he questioned whether so long a postponement was ex-
pedient.    An order was entered authorizing the adjournment to
June 20, and the sale was postponed, and the master duly sold
the property at the time and place appointed, notice having been
given of the adjournment.    The decree of foreclosure authorized
the master to adjourn and postpone the sale, and to proceed with
the sale on any day to which the sale was adjourned, giving at
his option such further notice as he might think proper.

The order of the court did not in terms require an adjourn-
ment, but simply authorized it, and it is possible to construe what
was done as done by the master with the sanction of the court.
But, even if the order was compulsory, the matter was of such a
nature that the court might properly pass upon it without notice
on the application of any person interested, whether a party to
the suit or not, if of opinion that nothing was to be gained by
notice.    The rights of all parties would be sufficiently protected
by due notice or information of the time to which the sale was

adjourned; and there is nothing to show that they did not have such notice or information. See *Goodell* v. *Harrington*, 76 N. Y. 547.

In regard to the appeal from the decree confirming the sale, the mortgagor objects that there was a material variance between the sale authorized by the decree and the actual sale, 1st, because the property advertised for sale comprised only property in the possession of the mortgagee, whereas the decree directed the property "covered by said mortgage and supplementary mortgages" to be sold, and directed it to be sold as an entirety; and 2d, because the property was sold subject to the lien of Nutter and Seabury, whereas the plain implication of the decree was that it should be sold free from any lien that they might have and that their lien if they had any, should be transferred to the proceeds. It also objects that the master acted in excess of his authority in fixing the time and place of sale. In regard to this last, we deem it necessary only to observe that the decree expressly gave the master power to fix the time of the sale, and by necessary implication also the power to fix the place of the sale. In respect to the other two objections, assuming that there was a variance in the particulars referred to between the decree and its execution, it plainly was of such a nature that the court could at the outset have authorized the master to do what he did do, and it could ratify and confirm what it might have authorized if such a course would not interfere with or prejudice the rights of the parties interested. The judge found as a fact that none of the parties to the cause were injured by the variation, if there was any, and that it was not substantial. Unless therefore any variation or departure from the terms of the decree required that the sale should be set aside the confirmatory decree must stand. But irregularities on the part of a master, or a departure from the terms of the decree in conducting a sale do not require that the sale should be set aside, unless it also appears, or there is good reason to believe, that the party complaining has been injured thereby, and also has a right to be heard concerning the matter of which he complains. *Farmers' Loan Co.* v. *Oregon Pacific Railroad*, 28 Ore. 44. Freeman on Void Judicial Sales, § 43. *Calvert* v. *Godfrey*, 6 Beav. 97. The case presented is not that of a donee of a power who is bound to follow strictly the

provisions of the power, or of an officer selling on execution for instance, who also is bound to follow strictly the requirements of the statute, but is that of a special master in chancery appointed to make sale of certain property under a decree in a suit in equity. In such a case the court can change or modify the decree at any time before it is carried into effect, and after it is carried into effect can confirm or ratify the doings of its agent, as in the case of receivers and other agents if they have departed from or exceeded the authority conferred upon them, provided the rights of parties interested have not been prejudiced or affected injuriously thereby. *Meeker* v. *Evans*, 25 Ill. 322. *Nebraska Loan & Trust Co.* v. *Hamer*, 40 Neb. 281, 286. Beach on Receivers, (2d ed.) 252, 378. In the present case the mortgagor had a right to be heard and was heard on the question of confirming the sale. The judge found as already observed that it was not injured by the alleged variation from the terms of the decree. In view of this finding, it is not necessary to consider whether what was done constituted a variation, or whether, if it did, it was a material or immaterial variation.

The result is that we think that the exceptions should be overruled and the decree affirmed. *So ordered.*

*W. H. Dunbar & J. G. Palfrey*, for the Great White Spirit Company.

*C. K. Cobb*, for the plaintiff.