CHARLES D. STYRNBROUGH *vs.* CAMBRIDGE SAVINGS BANK.

Suffolk.    November 10, 1937. — December 6, 1937.

Present: FIELD, LUMMUS, QUA, DOLAN, & COX, JJ.

*Practice, Civil*, Appeal, Jury trial, Waiver.

Appeal by the plaintiff in an action at law did not lie from an order allowing an amendment of the answer, nor from an order alleged to have deprived the plaintiff of his right to trial by jury, nor from an order sustaining, upon facts not incorporated in the record on the appeal, a so called "plea in bar" which set up the defence of *res judicata* and was treated by this court as an answer.

A plaintiff, by proceeding without objection to trial of an issue by a judge without a jury, waived his right to a jury trial thereon.

An appeal properly presented to this court by one party in an action at law did not bring up an appeal by another party, not perfected as required by statute, though his claim of appeal was printed in the record.

CONTRACT OR TORT.   Writ in the Superior Court dated July 30, 1936.

The plaintiff appealed from certain orders by *Williams,* J. The case was submitted on briefs.

*J. J. Burns & C. D. Styrnbrough,* for the plaintiff.

*A. E. Beane & B. Saunders,* for the defendant.

FIELD, J.   This action of contract or tort was brought in the Superior Court.   Claim by the plaintiff for a jury trial was indorsed on the writ.   The defendant also claimed a jury trial.   The defendant filed on the same day a demurrer on the sole ground that the declaration "does not set forth sufficient facts to entitle the plaintiff to maintain his action," a so called "plea in bar" setting up the defence of adjudication by a previous case, and an answer denying generally the allegations of the declaration.   The demurrer was overruled and the defendant appealed.   A motion by the defendant to amend its "plea in bar" was allowed and the plaintiff appealed.   The "plea in bar" as amended was "sustained" — as appears from a copy of the docket entries transmitted to this court (G. L. [Ter. Ed.] c. 231, § 135, *Churchill* v. *Churchill,* 239 Mass. 443, 445–446) — and the plaintiff appealed.   The defendant moved in this court that the appeal last referred to be dismissed.

Neither of the plaintiff's appeals is properly before us. Appeals in actions at law are authorized only by G. L. (Ter. Ed.) c. 231, § 96.   That section obviously is not applicable to either of these appeals, unless it is an appeal from an "order decisive of the case founded upon matter of law apparent on the record."   The order allowing an amendment to the "plea in bar" was not such an order.   Nor was the order sustaining the defendant's amended "plea in bar."   This so called "plea in bar" as amended was in substance an answer setting up the defence of *res judicata* and must be treated in accordance with its true nature, though the defendant filed also a general denial.   See *DiRuscio* v. *Popoli,* 269 Mass. 482, 486.   The order sustaining the "plea in bar" imports a finding by the judge that the defence thereby set up was established as matter of fact.   But the facts upon which the finding was based are not incorporated

in the record. In the absence of such facts no "matter of law" on which the order was "founded" is "apparent on the record." Consequently, though the order was "decisive of the case," it cannot be reviewed on appeal. *Gallo* v. *Foley, ante*, 1. The plaintiff argues, however, that he was deprived of the right of jury trial to which he was entitled. But if he ever had any right to trial by jury on the issue raised by the "plea in bar" he would have waived it by going to trial thereon before a judge without objection. *Young* v. *Duncan*, 218 Mass. 346, 348. The facts on this point are not incorporated in the record, so that no "matter of law" with respect to this point is "apparent on the record." Moreover, an order for trial by a judge rather than by a jury, considered by itself, would not be "decisive of the case." The plaintiff's remedy, in the absence of a report by the trial judge, was by a bill of exceptions in which evidence or facts found could have been incorporated. *Gallo* v. *Foley, ante*, 1.

The defendant's appeal is not before us. It does not appear to have been entered in this court by the defendant, though papers relating to it are included in the printed record of the plaintiff's appeals. The plaintiff alone — as the docket entries disclose — has taken steps to bring the case here. G. L. (Ter. Ed.) c. 231, § 135. Compare *Barrell* v. *Globe Newspaper Co.* 268 Mass. 99, 103–105, where, unlike this case, there was a combined bill of exceptions. See also *Hamilton Manuf. Co.* v. *Lowell*, 274 Mass. 477, 479.

*Plaintiff's appeals dismissed.*