HARRY SEDER *vs.* STANISLAW KOZLOWSKI & others.

Worcester. September 22, 1941. — February 25, 1942.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Equity Pleading and Practice*, Proceedings to reach and apply equitable assets; Master: special; Appeal; Decree; Motion; Findings by judge. *Error*, Whether error shown. *Receiver*. *Equity Jurisdiction*, Receiver.

A decree adjudging a debt to be due the plaintiff from the defendant, ordering it paid and that, in default of payment, certain property be sold by a special master and the net proceeds of the sale be paid to

the plaintiff so far as necessary to satisfy the debt and the balance, if any, to the defendant, was a final decree for the purpose of appeal.

Section 25A of G. L. (Ter. Ed.) c. 214 does not preclude the entry of a decree in a suit in equity dismissing for want of prosecution an appeal from a decree, final for the purpose of appeal.

An appeal dismissed by the trial court in a suit in equity should not be treated as entered in this court although printed in the record.

An appeal from an interlocutory decree in a suit in equity is nugatory in the absence of an appeal from the final decree.

A decree in a suit in equity confirming a report of a special master, appointed under a final decree adjudging a debt to be due the plaintiff from the principal defendant, ordering payment thereof and, in default of payment, directing the appointment of the special master to sell certain property and apply the net proceeds to payment of the debt, was a supplemental decree and final for purposes of appeal by aggrieved parties under § 19 of G. L. (Ter. Ed.) c. 214; and the principal defendant was such a party.

The principal defendant in a suit in equity to reach and apply an equitable asset in satisfaction of a debt due the plaintiff was entitled to an opportunity to be heard before confirmation of a sale by a special master appointed under a final decree adjudging the debt and directing sale of such asset and application of the proceeds to payment of the debt, and lack of such opportunity, while not depriving the court of jurisdiction to enter a decree confirming the sale, would be an irregularity reviewable by appeal.

The entry of a decree in a suit in equity confirming the report of a special master appointed to sell certain property and apply the net proceeds toward satisfaction of a debt due the plaintiff implied a finding of every fact essential to the right entry thereof not inconsistent with anything in the record, including the giving of an opportunity to be heard on the confirmation to parties aggrieved thereby.

After the entry in a suit in equity of a supplemental decree confirming the report of a special master appointed to sell certain property and apply the net proceeds to payment of a debt owed the plaintiff, a defendant, although such supplemental decree was final for purposes of appeal, was entitled to raise, by a motion to vacate it, the question whether it was entered without his being given an opportunity to be heard on its merits.

The denial of a motion to vacate a decree because a party aggrieved thereby was not given an opportunity to be heard on its merits before it was entered disclosed no error where, on appeal from such denial, there was no report of evidence nor report of material facts found by the judge.

Following an appeal in a suit in equity from a supplemental decree confirming a sale of property of the defendant by a special master and application of the net proceeds thereof toward satisfaction of a debt adjudged due the plaintiff, it was not improper to appoint a receiver of such property pendente lite.

BILL IN EQUITY, filed in the Superior Court on August 25, 1937.

Of the proceedings described in the opinion following the decision reported in 304 Mass. 367, the hearing and allowance of the motion to amend the bill were by *Goldberg*, J., the entry of the final decree after rescript was by order of *Giles*, J., the decree dismissing the appeal of Anthony J. Kozlowski therefrom and the decree confirming the report of the special master were by order of *T. J. Hammond*, J., the denial of the motion that such decree "be modified, corrected or vacated," and the decree appointing a receiver pendente lite were by order of *Broadhurst*, J.

*F. P. McKeon*, for the defendants.

*J. M. Smith*, for the plaintiff.

FIELD, C.J. This bill in equity was brought in the Superior Court, naming as defendants Stanislaw Kozlowski, Jozefa Kozlowski, Bronislaw Kozlowski and Anthony Kozlowski, to establish a debt alleged to be due to the plaintiff, and to provide for the payment thereof by reaching property of one of the defendants alleged to have been conveyed in fraud of the plaintiff. A final decree was entered in the Superior Court establishing the debt and providing, in the event that the debt was not paid, for the sale in satisfaction of the debt of certain real estate found to have been conveyed in fraud of the plaintiff. All of the persons named as defendants appealed. No relief, however, was sought by the bill against the defendant Anthony Kozlowski. And this court by its rescript ordered: "If the Superior Court shall find that the liability of the defendant Anthony Kozlowski to the plaintiff was fully and fairly tried, and shall allow the plaintiff to amend his bill by alleging such liability, within thirty days after rescript, then final decree is to be affirmed with costs; otherwise the final decree is to be reversed, and a new final decree is to be entered dismissing the bill with costs." *Seder* v. *Kozlowski*, 304 Mass. 367, 370.

In the Superior Court the plaintiff's motion to amend his bill, by substituting for an allegation in the original bill an allegation that "the defendants, Stanislaw Kozlowski, Jozefa Kozlowski and Anthony J. Kozlowski, are indebted to him in the sum of . . . $9,000 for goods sold and de-

livered to the said defendants by the plaintiff," and to amend the prayers of the bill in accordance with the stating part of the bill, was seasonably allowed, and it was found, after hearing, that the liability of the defendant Anthony Kozlowski "was fully and fairly tried." All of the defendants appealed from this finding, describing it as a "decree," as it is hereinafter referred to without discussion of the accuracy of the description. Thereafter a final decree after rescript was entered, adjudging that there was due to the plaintiff from the defendants Stanislaw Kozlowski, Jozefa Kozlowski and Anthony Kozlowski the sum of $7,132.06 with interest, and ordering these defendants to pay this amount with costs within thirty days from the date of the decree. This decree provided also that, if such payment was not made, a special master thereby appointed should sell a certain described parcel of real estate, and provided further for the cancellation of a certain deed and a certain mortgage of such real estate, for the transfer by the special master of the real estate to the purchaser thereof, and for the payment to the plaintiff, after payment of the costs and expenses of the sale, of "said sums as are awarded in this decree and interest to the date of payment and costs as provided herein," and payment of the balance to the defendants Stanislaw Kozlowski and Jozefa Kozlowski. From the final decree after rescript the defendant Anthony (J.) Kozlowski appealed. Further proceedings in the suit are described later.

1. No appeal from the final decree after rescript is before us. This decree was a final decree. for the purpose of appeal, though contemplating the possibility of a supplemental decree in the alternative that a sale of the real estate was made by the special master appointed thereby. See *Wilson* v. *Martin–Wilson Automatic Fire Alarm Co.* 151 Mass. 515, 516–517; *Old Colony Trust Co.* v. *Great White Spirit Co.* 178 Mass. 92, *S. C.* 181 Mass. 413; *Gordon* v. *Borans*, 222 Mass. 166; *Rolfe* v. *Clarke*, 224 Mass. 407; *Boston & Maine Railroad* v. *Greenfield*, 253 Mass. 391, 396; *Dolphin* v. *A. C. Lewis Leather Co.* 269 Mass. 132, 137, 139; *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 212–213; *Kingsley* v.

*Fall River*, 280 Mass. 395, 398, 400; *Chase* v. *Driver*, 92 Fed. 780, 784; *Felker* v. *Southern Trust Co.* 264 Fed. 798, 801; *Rector* v. *United States*, 20 Fed. (2d) 845, 861–872, and cases cited. The defendants other than Anthony Kozlowski, however, did not appeal from the final decree after rescript. The defendant Anthony (J.) Kozlowski appealed. But his appeal was dismissed by a decree of the Superior Court upon a motion of the plaintiff that it be dismissed on the ground "that the defendants have failed to comply with the procedure necessary to effect said appeal." From such a decree no appeal lies. Nor was there any attempt to take such an appeal. The remedy of this defendant was a petition seasonably filed under G. L. (Ter. Ed.) c. 211, § 11, in the form substituted by St. 1933, c. 300, § 1. G. L. (Ter. Ed.) c. 231, § 133, as amended by St. 1933, c. 300, § 2. Consequently, no question of error in the decree dismissing the appeal is before us.

It is argued, however, that the Superior Court was without power to enter such a decree by reason of G. L. (Ter. Ed.) c. 214, § 25A, providing that in "suits in equity a final decree shall be entered although exceptions have been taken or a bill of exceptions has been filed and allowed, but execution and operation of the decree so entered shall be stayed until the exceptions have been disposed of unless the judge who made the ruling to which the exception or exceptions were taken finds that the exceptions are immaterial, frivolous or intended for delay." Prior to the enactment of this statute by St. 1926, c. 177, the pendency of exceptions precluded the entry of a final decree (*Kerr* v. *Kerr*, 236 Mass. 353, 354), but under the present statute a final decree may be entered notwithstanding the pendency of exceptions, though the "execution and operation of the decree" are "stayed until the exceptions have been disposed of." *Larson* v. *Sylvester*, 282 Mass. 352, 355, 356. This statute, therefore, did not preclude the entry of a decree dismissing the appeal from the final decree after rescript, since the appeal dismissed related only to the entry of such a final decree, which was permissible notwithstanding the pendency of exceptions, and not to its "execu-

tion and operation." Moreover, the record does not disclose that, at the time the appeal was dismissed, there were any exceptions undisposed of. While the evidence at the hearing at which the finding or "decree" was made that the liability of the defendant Anthony Kozlowski "was fully and fairly tried" is reported and discloses that exceptions were taken at the hearing, it does not appear from the printed record or the copy of the docket entries transmitted to this court (G. L. [Ter. Ed.] c. 231, § 135; *Styrnbrough* v. *Cambridge Savings Bank*, 299 Mass. 22, 23) that any bill of exceptions was seasonably filed — for which filing there was ample opportunity — before the decree dismissing the appeal was entered. G. L. (Ter. Ed.) c. 231, § 144.

The decree dismissing the appeal from the final decree after rescript, therefore, stands, and such final decree is immune from attack since there is no effective appeal therefrom. No order is required with respect to the appeal from the final decree after rescript, for, though printed in the record, it is not to be treated as having been entered in this court, as it could not rightly have been. Compare *Styrnbrough* v. *Cambridge Savings Bank*, 299 Mass. 22, 24.

2. No appeals from the finding or "decree" that the liability of the defendant Anthony Kozlowski "was fully and fairly tried" are before us. Even if the finding is to be regarded as a "decree," it is, at most, an interlocutory "decree." It was not "final" in its nature. It merely established facts preparatory to the entry of a final decree. While we agree with the contention made on behalf of one or more of the defendants that the decree dismissing the appeal related only to the appeal of Anthony (J.) Kozlowski from the final decree after rescript, after that decree there was no effective appeal from the final decree after rescript. No other defendant appealed from that decree. And the appeals from the interlocutory "decree" of all the defendants were lost in the absence of any effective appeal from the final decree after rescript, and the final decree after rescript, in the absence of any effective appeal therefrom, became immune from attack on the ground of error in any interlocutory decree entered prior to the entry of such final

decree. *Fusaro* v. *Murray*, 300 Mass. 229, 231. As in the case of the appeal from the final decree after rescript, the appeals from the interlocutory "decree" are not to be regarded as entered in this court and no order relating to them is required.

3. On the date of the entry of the final decree after rescript (February 20, 1940) a so called "interlocutory decree appointing a receiver pendente lite" was entered in the Superior Court. The defendant Anthony (J.) Kozlowski appealed therefrom. It may well be that this appeal, like the defendants' appeals from the other interlocutory decree, was lost by reason of the failure of this defendant to appeal effectively from the final decree after rescript. No argument, however, has been made by this defendant upon this appeal. Therefore, without considering whether it is rightly before us, we treat it as waived.

4. The special master filed a report of his proceedings as such special master in selling the real estate referred to in the final decree after rescript and paying the proceeds, less costs and expenses — a sum less than the amount of the debt established by the final decree — to the plaintiff. The report was confirmed by a decree of the Superior Court. The defendants Stanislaw Kozlowski and Jozefa Kozlowski appealed from this decree.

The appeals of these defendants from the decree confirming the report of the special master are rightly before us. This decree, though in form a decree confirming the report of the special master, was unlike a decree confirming the report of a special master directed to find facts. It was a supplemental decree, in effect confirming the acts of the special master in selling the real estate referred to in the final decree after rescript and distributing the proceeds of the sale as ordered by such final decree by which he was appointed special master. The decree confirming the report, therefore, was a final decree for the purpose of appeal. *Old Colony Trust Co.* v. *Great White Spirit Co.* 181 Mass. 413, 414; *S. C.* 178 Mass. 92. *Sage* v. *Railroad*, 96 U. S. 712, 714. *Chase* v. *Driver*, 92 Fed. 780, 784. And the defendants Stanislaw Kozlowski and Jozefa Kozlowski were

affected by the decree and entitled to appeal therefrom, as persons "aggrieved" thereby within the meaning of G. L. (Ter. Ed.) c. 214, § 19. By the final decree after rescript it was adjudged that they were indebted to the plaintiff in a certain amount, and the amount for which the real estate was sold under that decree would affect the amount by which this indebtedness would be discharged, or, if such indebtedness was fully discharged, the amount of the proceeds of the sale to which they would be entitled.

These defendants make two contentions with respect to this decree: (a) that the court was without power to enter it by reason of G. L. (Ter. Ed.) c. 214, § 25A, and (b) that the decree was entered without the defendants' having notice, hearing or opportunity to be heard upon the report of the special master.

The matter of the effect of G. L. (Ter. Ed.) c. 214, § 25A, has already been discussed as applied to the decree dismissing the appeal of Anthony (J.) Kozlowski from the final decree after rescript. Even if the decree confirming the report of the special master was within the statute as relating to the "execution and operation" of the final decree after rescript, the record shows no exception undisposed of at the time of the confirmation of the report that would have the effect of staying such "execution and operation."

While there is no specific statute or rule prescribing the kind of notice that must be given upon such a report of a special master as the report in question, the defendants were persons interested and were entitled to an opportunity to be heard before the sale was confirmed by a final decree. *Old Colony Trust Co.* v. *Great White Spirit Co.* 181 Mass. 413, 415–416. *Eastern Bridge & Structural Co.* v. *Worcester Auditorium Co.* 216 Mass. 426, 431. See also *Hellier* v. *Loring,* 242 Mass. 251, 252; *Norcross* v. *Haskell,* 251 Mass. 30, 33. The lack of such opportunity, however, would not constitute a defect of jurisdiction of the court entering the decree confirming the report of the special master, since that court already had jurisdiction of the suit in which the decree was entered and of the parties thereto including the defendants (*Finneran* v. *Leonard,* 7 Allen, 54, 56; *Savage*

v. *Welch*, 246 Mass. 170, 178), but would be an irregularity reviewable by any appropriate procedure. An appeal from the decree, as here, is such a procedure.

The record on the appeal from the decree, however, fails to show that the defendants did not have an opportunity to be heard upon the confirmation of the report of the special master. Apart from the decree itself, there is nothing bearing on the matter in the printed record or in the copy of the docket entries transmitted to this court. The fact that the decree was entered on the same day that the report was filed suggests doubt upon this point, but does not necessarily negative opportunity to be heard. The decree contains no recital as to notice, hearing or opportunity to be heard. It would have been proper for the judge, in passing upon the report of the special master, to hear evidence and make findings. See *New England Oil Refining Co.* v. *Canada Mexico Oil Co. Ltd.* 274 Mass. 191, 196, 197–198, 201, 203. No evidence, however, is reported. Nor is there any report by the judge of material facts found by him. The entry of the decree confirming the report of the special master "implies a finding of every fact essential to the right entry of that decree" (*Milne* v. *Walsh*, 285 Mass. 151, 153) not necessarily inconsistent with the facts disclosed by the record. This principle extends to the matter of the defendants' opportunity to be heard. The record is not necessarily inconsistent with the defendants' having had such an opportunity. See *Anagnostopoulos* v. *Anagnostopoulos*, 307 Mass. 493, 494.

The defendants have not argued that the decree confirming the report of the special master is not in conformity with the final decree after rescript, and consequently a consideration of that question by us is not required. *Commonwealth* v. *Dyer*, 243 Mass. 472, 508. We do not imply that there is any lack of such conformity. The decree confirming the report of the special master, therefore, must be affirmed.

5. After the entry of the decree confirming the report of the special master the defendants Stanislaw Kozlowski and Jozefa Kozlowski filed a motion that the decree confirming the report of the special master "be modified, corrected or

vacated, and that the defendants be given an opportunity to be heard in the premises." This motion was denied after hearing, and the defendants Stanislaw Kozlowski and Jozefa Kozlowski appealed. This motion stated several grounds for the action sought.

"It is an established principle that after the entry of a final decree in a suit in equity the case is finally disposed of subject to such rights of appeal as the law affords, and the court has no further power to deal with the case except upon a bill of review," but there are "certain exceptions to this rule." *Kingsley* v. *Fall River*, 280 Mass. 395, 398. It is unnecessary to define precisely the extent of the exceptions. See *Hyde Park Savings Bank* v. *Davankoskas*, 298 Mass. 421, 423–424. Some of the grounds of the motion relate to lack of conformity of the decree confirming the report of the special master with the final decree after rescript, and clearly are not within any exception to the principle stated. But one or more of the grounds relate to lack of opportunity of the parties, among them the defendants, to be heard upon the report of the special master. An exception to the principle stated has long been recognized "where a final decree has been made on default of a party . . . by reason of want of notice to him of the pendency of the suit." *Thompson* v. *Goulding*, 5 Allen, 81, 82. *Kingsley* v. *Fall River*, 280 Mass. 395, 398. *Frechette* v. *Thibodeau*, 294 Mass. 51, 54. *Hyde Park Savings Bank* v. *Davankoskas*, 298 Mass. 421, 423–424. We think that, within this exception, the defendants could raise by such a motion the question whether the decree confirming the master's report was entered without their having had an opportunity to be heard. The judge in denying the motion did not rule that the motion would not lie. So far as appears, he found against the defendants on the merits. The decree denying the motion, after hearing, implies a finding of every fact essential to the entry of it. In the absence of the evidence, if any, heard upon the motion, which is not reported, and of a report by the judge of the material facts found by him, error in the denial of the motion is not shown. The decree denying it must be affirmed.

6. After the entry of the final decree confirming the report of the special master and thereby confirming the sale of real estate made by the special master, and the appeal from such decree, on petition of the plaintiff for the appointment of a receiver pending the appeal, a decree was entered on September 23, 1940, appointing a receiver. The four defendants appealed from this decree. The sole contention of the defendants with respect to the appointment of the receiver is, in substance, that the appointment of a receiver was not consistent with the fact that the real estate of which such receiver was to take charge had already been sold by the special master — although the defendants contend that the sale was not valid. There is no merit in this contention. At the time the receiver was appointed it had not been finally determined that the sale of the real estate was valid, and the purpose of appointing a receiver thereof was to preserve such real estate pending final determination as to the validity or invalidity of the sale thereof. The decree appointing the receiver must be affirmed.

> *Appeal from "interlocutory decree appointing a receiver pendente lite" entered February 20, 1940, waived.*
>
> *Decree confirming special master's report affirmed.*
>
> *Decree denying motion to vacate decree confirming special master's report affirmed.*
>
> *"Interlocutory decree appointing a receiver pendente lite" entered September 23, 1940, affirmed.*