**UNITED STATES of America, Plaintiff,**

**v.**

**FURNITURE EXCHANGE, INC., Fred Dusek, LaDonna Dobrusky and others similarly situated, Defendants.**

**Civ. No. 762 W. D.**

United States District Court
D. South Dakota, W. D.
Feb. 20, 1961.

Clinton G. Richards, U. S. Atty., William J. Srstka, Asst. U. S. Atty., Sioux Falls, S. D., and Robert A. Mills, Dept. of Justice, Washington, D. C., for plaintiff.

Whiting, Lynn, Freiberg & Shultz, Rapid City, S. D., for petitioner, The Acme Co.

Sieler & Brady, Rapid City, S. D., for receiver John T. Vucurevich.

Simons, Beasom & Gibbs, Sioux Falls, S. D., for defendants.

BECK, District Judge.

Acme Company, a corporation, is in this proceeding, as purchaser of the property described as "Lot 1" at the receivership sale on December 16, 1960, seeking an order vacating the sale and the refunding of its down payment, on the ground that indefiniteness and uncertainty in the description of the property rendered the sale void.

The contentions submitted in support of the relief sought may be summarized as follows: (1) lack of definiteness and certainty in the description of the property advertised for sale; (2) alleged failure by the receiver to inventory the property offered for sale; (3) alleged failure to take possession of it; (4) alleged nonexistence of a receiver's inventory of the property at the time of sale; (5) existence only at the time of the sale of the Internal Revenue Service inventory of the property taken in August 1960; (6) alleged nondeliverance of the property to the receiver and failure to accept or to receipt for it; (7) alleged failure of the Internal Revenue Service inventory to correspond with the items of property which were on hand and for sale at the time of the sale; (8) alleged sale or sales by one Dorrance Dusek of much of the property before the receivership sale; (9) alleged intermingling after the sale of the receivership property with that of Dusek's and (10) "that the Notice of Sale did not refer to or incorporate any inventory by reference, and therefore, your petitioner is unable to ascertain what property was intended to be sold by the receiver", and the answering ones by the receiver: (1) that there is no merit to the claim that the description of the property was too indefinite and uncertain; (2) that the sale was made under the terms and provisions of the "notice of sale" and no others; (3) that the receiver is without notice of any other sale having been made or of any intermingling of property since the time of the sale; (4) that the property sold was that property which was at the locations specified in the notice; (5) that prospective bidders had ample opportunity to inspect the property at those locations and did in fact inspect it prior to the time of the sale and (6) that the agents and employees of the petitioner have in fact sold property out of said "Lot 1" which amounts to the sum of $7,183.50.

The record, insofar as it bears on the issues raised by those contentions, shows that the plaintiff and the defendants stipulated to the "order for appointment of receiver, with all the powers of a receiver in equity", (Title 26, Sec. 7403, U.S. C.A.), to the order to sell personal property, to the form of the notice of re-

ceiver's sale by sealed bids, to the entry without hearing of the order confirming sale and to the form of notice of sale, which was as follows:

"United States District Court for the
District of South Dakota
Western Division

"United States of America,
                              Plaintiff,

        -vs-

Furniture Exchange, Inc., Fred
Dusek, LaDonna Dobrusky, and
others similarly situated,
                              Defendants.

Civil No. 762 W.D.

Notice of Receiver's
Sale by Sealed Bids.

"Pursuant to the order of the court, notice is hereby given that the undersigned receiver will sell at public sale, under sealed bids, which will be opened on the 16th day of December, 1960, at 2:00 P.M., at 717 Kansas City Street, Rapid City, South Dakota, the following described personal property:

"Lot No. 1—Complete inventory of furniture, new and used, housed principally in two floors of the building of substantial size, known as 910 Main Street, Rapid City, South Dakota, and warehouse situated near what is known as 1415 Quincy Street, Rapid City, South Dakota which property has an approximate retail value of $147,150.00.
                    *    *    *

"Said sale is without recourse or warranty of any kind, only the right, title and interest of Furniture Exchange, Inc., in and to the property is offered for sale.

"This property may be inspected by bona fide prospective purchasers after the date of this notice between the hours of 10:00 A.M. and 4:00 P.M., M.S.T., or by making an appointment with the undersigned Receiver at 14 St. Joseph Street, Rapid City, South Dakota, or his attorneys, Sieler & Brady, at 717 Kansas City Street, Rapid City, South Dakota.

"Sealed bids shall be in writing, describing the property on which the bid is being submitted, and indicating the full price therefor, and signed by the bidder, accompanied by a certified check or bank draft for at least ten per cent of said bid, said deposit to be made payable to John T. Vucurevich, Receiver. The terms of payment of the balance of the purchase price are cash. Failure to comply with said terms of payment will forfeit the deposit and the next highest bid will be considered. Bids must be submitted directly to Sieler & Brady at 717 Kansas City Street, Rapid City, South Dakota, prior to the time set for opening the bids.

"Dated at Rapid City, South Dakota, this 2nd day of December, 1960.

                              "John T. Vucurevich
                              "John T. Vucurevich, Receiver."

        (Description of property not involved in this
        proceeding has been omitted).

There is also in the record the receiver's receipt for the personal property covered by the United States tax lien, dated November 22, 1960, the stipulation dated December 7, 1960, regarding storing and confirmation, proof of advertising and mailing, proceedings at the time of the sale, including bids made, petitioner's first bid, his four amended, his final one of $51,739.55, the report of receiver's sale and petition for confirmation, Dusek's letter showing discrepancies between the property listed in the Internal Revenue Service inventory and the property for sale and the fact of it having been read to the bidders before the sale was made, the notice to the purchasers at the sale that it would be confirmed within three days and the list of events, after the sale, shown in the supporting affidavits.

Counsel for both parties, in view of that record, admitted during oral argument, that many of those contentions had little if any bearing on the merits of the relief sought and that the granting thereof, in the main, depended on the description of the property in the notice of sale, being sufficiently definite and certain, with a further claim by the petitioner of certain alleged negligence on the part of the receiver also being relevant.

In that connection it is the petitioner's viewpoint, based on dictionary definitions of the word "inventory", that the description in the notice:

"Lot No. 1—Complete inventory of furniture, new and used, housed principally in two floors of the building of substantial size, known as 919 Main Street, Rapid City, South Dakota, and warehouse situated near what is known as 1415 Quincy Street, Rapid City, South Dakota, which property has an approximate retail value of $147,-150.00.",

must be construed as having had reference to the specific items listed in the Internal Revenue Service inventory, since the term inventory, according to the dictionary definition thereof and generally in the cases, is defined as:

"A detailed list of articles of property; a list or schedule of property, containing a description or designation of each specific article; an itemized list of the various articles constituting a collection, estate, a stock in trade, etc., with their estimated or actual values." Black's Law Dictionary (4th Ed.).

See also Cobb & Seal Shoe Store v. Ætna Ins. Co., 78 S.C. 388, 58 S.E. 1099; Peet v. Dakota Fire & Marine Ins. Co., 1 S.D. 462, 47 N.W. 532; Commissioner of Internal Revenue v. Dwyer, 2 Cir., 203 F.2d 522; and Fire Ass'n of Philadelphia v. Calhoun, 28 Tex.Civ.App. 409, 67 S.W. 153.

■ Suffice it to answer, that "inventory" as used in conjunction with other terms in the description quite clearly discloses a list of furniture items "new and used", housed at the specified locations when the sale was made, with numbers and kind and value to be ascertained by inspection. Should more be required as to description sufficiency, it is in the inference impelled by the amount of the petitioner's final bid.

Decisive on a contention of this kind is the rule which obtains where sale has been confirmed. The decree of confirmation in that event *"is generally conclusive as to the terms of the sale, and it is also regarded as conclusive as to the identity, quantity and condition of the property sold, particularly where, with knowledge of the facts the parties raised no objection to the confirmation."* A collateral attack on the decree in such cases, such as this one, is not permitted. Such a decree, it is said: *"Since it has the effect of a final conclusive judgment * * * it cures all irregularities, misconduct and unfairness in the making of the sale, departures from the provisions of the decree of sale and errors in the decree and*

*the proceedings under it which are not of a jurisdictional nature."* 30 Am.Jur. —Judicial Sales—Secs. 140 and 142. (Emphasis supplied).

See also Seder v. Kozlowski, 311 Mass. 30, 40 N.E.2d 14, 16, that "lack of opportunity * * * to be heard before sale * * * was confirmed * * * would not constitute a defect of jurisdiction * * *, but would be an irregularity reviewable by appropriate procedure such as an appeal."

The other objections going to the question of the receiver's alleged negligence, the claimed discrepancies between what the petitioner thought he bought and that which was on hand for sale at the date of the sale, also, are irregularities which were settled by the confirmation decree, and not matters which can be used as basis for collateral attack. (Citations, supra).

Aside from that rule is the binding effect on the petitioner of the "without recourse of warranty of any kind" provision in the sale notice, the Federal tax regulations:

"Condition of title and of property. Only the right, title, and interest of the delinquent taxpayer in and to the property seized shall be offered for sale, and such interest shall be offered subject to any prior outstanding mortgages, encumbrances, or other liens in favor of third parties which are valid as against the delinquent taxpayer and are superior to the lien of the United States. All seized property shall be offered for sale "as is" and "where is" and without recourse against the United States. No guaranty or warranty, express or implied, shall be made by the internal revenue officer offering the property for sale, as to the validity of the title, quality quantity, weight, size, or condition of any of the property, or its fitness for any use or purpose. No claim shall be considered for allowance or adjustment or for re-scission of the sale based upon failure of the property to conform with any representation, express or implied." Reg., Sec. 301.6335—1(c) (4) (iii).

and

"Delivery and removal of personal property. Responsibility of the United States for the protection or preservation of seized personal property shall cease immediately upon acceptance of the highest bid." Reg., Sec. 301.6335—1(c) (7).

and the rule in Horner v. Continental & Commercial Trust & Savings Bank, 7 Cir., 198 F. 832, wherein the headnote reads:

"Where a purchaser at a receiver's sale of the property of a corporation did not rely on the inventory and appraisement, but embraced an opportunity to examine the property, after which he bid a specified price, which was accepted, the rule of caveat emptor applied, and he was not entitled to an abatement of the price, because of inability of the receiver to deliver certain of the property contained in the inventory."

See also Shaura Silk Mills v. Waters Weisman Co., Inc., 2 Cir., 297 F. 196.

Conversion by Sheldon F. Reese of property having a value of $7,183.50, is referred to and alleged in the receiver's answer to the petition and it is his position that he under these proceedings is entitled to an order requiring Reese to pay that sum into the receivership estate. Reese is not a party to this proceeding and the alleged conversion is not an issue.

The petition for vacating of the receiver's sale and a refunding of the down payment is hereby denied. This decision will serve as Findings of Fact and Conclusions of Law and Judgment in accordance therewith should forthwith be prepared by counsel for the receiver and presented to the court for approval and entry.