The State ex rel. Lewis *v.* Board of Education of New Haven.

° THE STATE OF CONNECTICUT EX REL. JOHN G. LEWIS *vs.*
THE BOARD OF EDUCATION OF THE CITY OF NEW
HAVEN ET ALS.

Third Judicial District, New Haven, June Term, 1914.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

An amendment to the charter of the city of New Haven, approved in
July, 1911 (16 Special Laws, p. 323), established a "teachers'
retirement fund" for the benefit of "the teachers" of the public
day schools of that city. *Held* that one who had ceased to be a
teacher three years or more before the passage of the amendment
did not come within its provisions, which were not retroactive but
had reference solely to those who were actually engaged in teaching
at the time of its passage and to those who might thereafter become
teachers.

One of the clauses of § 5 of the Act provided for the retirement of "any
teacher who has taught in the public day schools of the New Haven
city school district for a period of forty years previous to the date
when this Act becomes operative." *Held* that the word "previous,"
as thus used, meant "next preceding" or "next prior to" the date
upon which the Act took effect.

Argued June 4th—decided July 13th, 1914.

APPLICATION for an alternative writ of mandamus to
enforce the payment to the relator of a pension or
annuity alleged to be due to him under the provisions
of an Act amending the charter of the City of New
Haven and establishing a teachers' retirement fund,
brought to the Superior Court in New Haven County
and reserved by that court, *Williams, J.,* upon the
respondents' motion to quash the alternative writ,
for the advice of this court. *Judgment advised for the
respondents.*

*Charles Kleiner* and *Henry H. Townshend,* for the
respondents.

*Edward H. Rogers* and *Ralph H. Clark,* for the relator.

WHEELER, J. An amendment to the charter of New Haven, approved July 18th, 1911 (16 Special Laws, p. 323), established a "teachers' retirement fund" for the benefit of the teachers in the public day schools of New Haven, to be made up of public and private gifts, of assessments upon the annual salaries of all such teachers, and of that portion of such salaries which had been appropriated for the fiscal year but remained unpaid because of the illness, resignation or absence of the teachers.

The Act constituted a board of retirement, and provided that upon a majority vote of this board and of the board of education the teachers of the public day schools who had served for varying named periods might be placed upon the retired list, and granted to the teacher so retired an annuity equal to one half his or her salary for the five years last previous to the date of retirement. It also provided for a disability list and for an annuity to be paid from such fund to the teacher placed thereon.

The relator had been a teacher in the New Haven day schools from September 1st, 1858, to May 22d, 1908, when the board of education accepted his resignation with regret. On December 22d, 1911, and subsequent to the approval of this amendment, the relator was, upon recommendation by a majority vote of the board of retirement and of the board of education, placed upon the retired list of teachers provided for by the amendment. The relator, if legally placed upon the retired list, was entitled to an annuity of $800 a year, and this annuity was paid. him from this fund from January 1st, 1912, to December 1st, 1912, when the respondents discontinued its payment and have since refused to pay the same.

The relator duly made application for a writ of mandamus against the members of the board of educa-

tion, to compel payment of the annuity, and against its president and secretary to compel them to sign and issue to the relator an order on this fund for the annuity, claiming to be a teacher within subdivision three of § 5, of the amendment.\* To the alternative writ the respondents filed their motion to quash upon practically two grounds, the decision of which controls the judgment to be rendered, since the parties stipulated that judgment should be entered without further pleadings. These grounds are: First. The relator ceased to be a teacher three years before the passage of the amendment and therefore does not come within its terms. Second. If this clause does include the relator, it is unconstitutional because an attempt to grant exclusive privileges to a certain set of persons, and to give compensation to a former employee and to devote public funds to private uses.

Our view of the Act makes it unnecessary to pass upon the second or constitutional ground of the motion to quash.

The purpose of the Act is the establishment of a

---

\* "Sec. 5. (1) Upon a majority vote of the board of retirement and a majority vote of the board of education, any teacher who has taught in public day schools for a period of thirty years, of which period the last twenty years shall have been in said public day schools of the New Haven city school district, shall be placed on the retired list. (2) Any teacher of the public day schools of the New Haven city school district who has reached the age of sixty-five years or over, and who has taught for a period of not less than thirty years, of which period the last twenty shall have been in the public day schools of the New Haven city school district, shall have the right to apply to the board of retirement to be placed on the retired list. If said application shall be approved by a majority vote of said board of retirement and a like vote of said board of education, the applicant shall be placed on the retired list. (3) Any teacher who has taught in the public day schools of the New Haven city school district for a period of forty years previous to the date when this act becomes operative shall, upon recommendation by a majority vote of the board of retirement and a majority vote of the board of education, be placed upon the retired list."

"Teachers' Retirement Fund," for the benefit of the teachers of the public day schools of New Haven. § 1. Unless the Act makes it clear that a different meaning was intended, the natural meaning must prevail. A fund for the benefit of teachers, in the natural use of the term, refers to active teachers and not to retired teachers. The relator ceased to be a teacher in the New Haven schools when his resignation was accepted. He could no more with propriety be called a teacher than one who had retired from business could be called a business man. Instead of indicating that the beneficiaries of this fund might be the retired as well as the active teacher, the Act conveys unmistakably the contrary. It defines, in § 10, the term "teacher," as used in the Act, to include "all teachers regularly appointed and employed in the public day schools, by the board of education." The teacher referred to in this Act is one who is employed in the public day schools of New Haven. The relator was not so employed when the Act took effect; his employment had ceased three years previous. The Act provides (§ 9) that the employment of a teacher after the Act becomes operative shall be made subject to its provisions. § 12. The employment must refer to the active teacher; and had the Act contemplated the retired teacher it would have made him also subject to its provisions. Section 7 of the Act gives the retired teacher an annuity of "one-half of his or her average annual salary for the five years last previous to the date of his or her retirement." The annuity is based upon the salary for the five years prior to the date of retirement. The relator had had no salary for three years prior to the date of his retirement. The statutory basis for determining the annuity is in his case non-existing.

The relator contends that subdivisions one and two of § 5 relate to the active teacher, while subdivision

three relates to the retired teacher who has taught in the schools of New Haven for a period of forty years previous to the date when the Act became operative.

The word "previous" in this connection is synonymous with next prior to or next preceding. The period of time referred to did not include a period of time which ended twenty, ten, or even three years prior to the date the Act became effective. Such a construction would take from the language its ordinary significance.

The relator rests his claim mainly upon his inference that the third subdivision is meaningless unless his interpretation of it is accepted. He urges that if subdivision three relates to the active teacher it was an unnecessary provision, since the teacher could have secured his retirement, under subdivisions one and two, ten years earlier. In order to make this subdivision effective, the relator insists it must be held to comprise a distinct class, namely, the retired teacher, otherwise it cannot be held to comprise a distinct class.

If this were the true interpretation of this subdivision there would be much force in the argument. We find nothing in the Act which can give this subdivision a retroactive effect, and nothing in the Act which was intended to form a class of the retired teachers. Nor are we permitted by the terms of the Act to hold that this subdivision creates a class of the retired teachers. The retirement fund is in part made up of an assessment upon the salaries of all teachers. § 1. Under § 7, no annuity can be paid to teachers within the first two classes of subdivisions one and two, unless the retired teacher has first paid into the fund a sum equal to the annuity paid him or her for the first year, and if the retiring teacher shall not have paid such sum the trustees of the fund are required to deduct twenty per.

cent from the monthly annuity payments until these contributions to the fund by or for the retiring teacher shall equal this sum. The class provided for in the third subdivision is specifically exempted from these contributions to the fund. The forty-year class may, immediately after the Act becomes operative, secure the benefit of the annuity provided, without having contributed anything to the fund, either by assessments paid or by deductions made by the trustees. Such is the advantage accorded the teacher of forty years' service over the teacher of thirty years of the other two classes. Clearly then, though subdivision three does relate to the active teacher, it constitutes a class distinct from the other two classes provided for.

If the relator be correct, that this subdivision does not relate to the active teacher, it follows that the active teacher who has taught forty years must be retired under the two classes of subdivisions one and two and required to contribute to the retirement fund as all other members of these two classes must. Under this interpretation the forty-year teacher, retired prior to the operation of the Act, receives a greater benefit than the forty-year teacher retired subsequent to the operation of the Act. The injustice of this is apparent. It would violate the cardinal feature of this Act, equality of treatment of all teachers. It would give the teacher retired prior to the Act an annuity in a fund to which he had contributed nothing, and compel all active teachers to help pay his annuity.

Reasonable considerations may be suggested to uphold the fairness of a requirement which compels all active teachers to contribute toward the annuity of one of their number who has spent forty years in the common service; none have been presented to us or have occurred to us to justify a compulsory assessment upon all active teachers to help pay an annuity to one

who had retired from the service three years before the retirement fund was created.

The Act before us is not, in our judgment, susceptible of the construction the relator accords it.

The Superior Court is advised to sustain the motion to quash and render judgment for the respondents.

In this opinion the other judges concurred.