JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY & another *vs.* HUGH W. LESTER & another, trustees.

Suffolk. December 9, 1919. — January 9, 1920.

Present: BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Soldiers' and Sailors' Civil Relief Act. Trust,* Real estate trust. *Equity Jurisdiction,* To foreclose mortgage. *Mortgage,* Of real estate: foreclosure under soldiers' and sailors' civil relief act. *Equity Pleading and Practice,* Parties.

The existence of the soldiers' and sailors' civil relief act is a special circumstance which is sufficient to give to the courts of equity of this Commonwealth, within the time specified in the act, jurisdiction to foreclose power of sale mortgages.

In a suit in equity, brought, while the soldiers' and sailors' civil relief act (U. S. St. 1918, c. 20) was in force, to foreclose a mortgage upon certain real estate, the legal title to which was held by trustees under an agreement and declaration of trust which placed upon them the duty to represent, in matters relating to the conduct of the real estate, the holders of certificates for thirty thousand shares of the par value of $3,000,000, called shareholders, and to act in their interest, it was *assumed* that, whether the interests of the shareholders were legal or equitable, the real estate was "owned by" them within the provisions of the act.

In the suit above described, it appearing that the interests of the shareholders were fairly and sufficiently represented by the trustees and that the interests of the shareholders and those of the trustees were not adversary, it was *held,* that the shareholders were not necessary parties.

The bill in equity above described was filed on July 16, 1919. There was service upon the trustees and a general order of notice by publication. The trustees alone appeared and presented no reason against foreclosure except that persons who were owners of the mortgaged property under the provisions of the soldiers' and sailors' civil relief act were in the military service. It was not urged that the mortgagees' interests did not require a foreclosure nor that the interests of the owners in military service would be inequitably affected. The mortgages sought to be foreclosed were given to secure the payment of $3,500,000. No interest had been paid on the mortgage obligation since October 1, 1917, and unpaid taxes and betterment assessments amounted to many thousands of dollars. *Held,* that the plaintiff was entitled to a decree.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on July 16, 1919, for the foreclosure of mortgages.

The suit was heard by *Jenney,* J. Material facts found by him are described in the opinion. He made a report stating his find-

ings of fact and, at the request of the parties, reserved the case for determination by the full court.

U. S. St. 1918, c. 20, § 302, approved March 8, 1918, is as follows:

"(1) That the provisions of this section shall apply only to obligations originating prior to the date of approval of this act and secured by mortgage, trust deed, or other security in the nature of a mortgage upon real or personal property owned by a person in military service at the commencement of the period of the military service and still so owned by him.

"(2) In any proceeding commenced in any court during the period of military service to enforce such obligation arising out of nonpayment of any sum thereunder due or out of any other breach of the terms thereof occurring prior to or during the period of such service, the court may, after hearing, in its discretion, on its own motion, and shall, on application to it by such person in military service or some person on his behalf, unless in the opinion of the court the ability of the defendant to comply with the terms of the obligation is not materially affected by reason of his military service —

"(a) Stay the proceedings as provided in this act; or

"(b) Make such other disposition of the case as may be equitable to conserve the interests of all parties.

"(3) No sale under a power of sale or under a judgment entered upon warranty of attorney to confess judgment contained in any such obligation shall be valid if made during the period of military service or within three months thereafter, unless upon an order of sale previously granted by the court and a return thereto made and approved by the court."

*C. S. Rackemann & G. L. Mayberry*, (*W. Rand* with them,) for the plaintiffs.

*E. F. McClennen*, for the defendants.

JENNEY, J.   It is well settled that during the time the "soldiers' and sailors' civil relief act" is in force a mortgagee forecloses under a power of sale contained in a mortgage at his own peril "unless upon an order of sale previously granted by the court and a return thereto made and approved" by it; and that while a sale is not necessarily bad, it is of no validity if made during the "military service" of an owner of the land, or within three months thereafter, if consummated without such order and return.   U. S. St. 1918, c. 20, § 302 (40 U. S. Sts. at Large, 444).   *Hoffman* v. *Charlestown*

*Five Cents Savings Bank,* 231 Mass. 324. *Morse* v. *Stober,* 233 Mass. 223.

It is equally clear that if there is no jurisdiction to make such order as this statute contemplates, mortgagees are deprived of the benefit of this provision, are left without an adequate remedy under powers of sale contained in their mortgages, and must either postpone foreclosures until the act ceases to apply or proceed by entry under R. L. c. 187, § 1, or by action at law under other sections of that chapter. It is urged that no order authorizing foreclosure by sale can be entered unless some owner of the property is in the military service, thus leaving mortgagees without the protection of an order under the act in cases where they either are unable to establish the existence of owners in the service, or where they do satisfy the court that no owners are therein. *Hallowell* v. *Ames,* 165 Mass. 123, recognized that the existence of special facts requiring equitable relief may be a sufficient basis for jurisdiction in equity in the foreclosure of mortgages, and *Old Colony Trust Co.* v. *Great White Spirit Co.* 178 Mass. 92, with an abundant citation of authorities declared the same rule. The statute under consideration expressly provides for orders of foreclosure, and in the Hoffman case, at page 329, it is said that "the existence of the soldiers' and sailors' civil relief act is a special circumstance which is sufficient to give the equity courts of the Commonwealth jurisdiction to foreclose . . . [power of sale] mortgages within the time specified in the act." The Morse case in effect approves this statement. What was said as to this question in the Hoffman case is now decided.

The mortgages in question are upon valuable property in the business centre of Boston, and were given to secure the payment of $3,500,000. No interest has been paid since that which became due on October 1, 1917, and taxes and betterment assessments to the amount of many thousands of dollars have not been paid. The mortgagors were the trustees under an "agreement and declaration of trust," and the defendants are their successors in trust. While it is conceded that they hold the legal title to the premises, there are outstanding equitable interests evidenced by certificates for thirty thousand shares of the face value of $3,000,-000. The shareholders are numerous and some of them are in military service within the act.

The trustees claim that the shareholders are owners under the act. Whether their interests are legal or equitable this contention is assumed to be correct under the decision in the Hoffman case. The trustees further contend that no order authorizing foreclosure should be entered because the shareholders "are not parties, and no inquiry has been made as to their plight, and some of them have entered the military service, and their rights would be cut off by foreclosure."

The failure to join the shareholders as parties does not prevent the entry of an order of sale. Their interests are fairly and sufficiently represented by the trustees whose duty it is to act in their interest. There is no adversary relation or action between them and the trustees. *Stevenson* v. *Austin*, 3 Met. 474. *Shaw* v. *Norfolk County Railroad*, 5 Gray, 162, 171. *Ashton* v. *Atlantic Bank*, 3 Allen, 217, 219. *Jewett* v. *Tucker*, 139 Mass. 566, 577. *Kerrison* v. *Stewart*, 93 U. S. 155, 160. *Manson* v. *Duncanson*, 166 U. S. 533, 543. *Colorado & Southern Railway* v. *Blair*, 214 N. Y. 497, 513. See Equity Rule 24. The act does not provide that no order of foreclosure shall be made where owners are in the military service.

The bill in equity in this case was filed July 16, 1919. In addition to service on the trustees, a general order of notice has been published. The trustees only have appeared. Under the trust instrument, the trustees who "take charge of and manage the property . . . as they . . . deem for the best interests of the shareholders," do not present to the court any reason why the mortgages should not be foreclosed, apart from the fact that persons who are "owners" under the statute are in military service. It is not urged that the mortgagee's interests do not require a foreclosure, or that a foreclosure would inequitably affect the interests of those in military service. Interest and taxes form a rapidly increasing burden on the property. The trustees do not claim that foreclosure is unwarranted because of impaired ability of certificate holders to comply with their obligations because of military service, and no such representation has been made by any person in their behalf. It is nearly fourteen months since the signing of the armistice. Free course of mails between this country and Europe has existed for many months. Here the activities and sacrifices of war no longer engage the minds of men or forbid attention to

business. It is clear that the ability of shareholders to comply with the terms of the mortgages is not now materially affected by reason of such service.

The plaintiffs are entitled to a decree authorizing the fore-closures in accordance with cl. 3 of § 302 of the act. The form of the decree is to be settled by a single justice, but it is to provide for a sale or sales, without the intervention of a commissioner or special master, substantially in accordance with the powers of sale contained in the mortgages, and without further notice than that required by said powers, unless in the discretion of the single justice it is deemed necessary or advisable to provide for additional notice or for an extension of the time required for notice of sale under the powers or required by R. L. c. 187, § 14, as amended by St. 1906, c. 219. See St. 1918, c. 257, § 439, as amended by St. 1919, c. 5.

*So ordered.*