WATKINS REALTY COMPANY, A CORPORATION, PLAIN-
TIFF-APPELLEE, v. SAMUEL HYMAN AND ESTHER
HYMAN, DEFENDANTS-APPELLANTS.

Submitted October 16, 1931—Decided December 2, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the defendants-appellants, *Jacob S. Karkus.*

For the plaintiff-appellees, *David T. Wilentz.*

PER CURIAM.

Plaintiff brought suit for breach of a warranty against encumbrances contained in a deed conveying real estate in Perth Amboy, New Jersey. The premises were encumbered by unpaid inheritance taxes due the State of New Jersey on a previous transfer, upon death, of the real estate in question.

Plaintiff alleged two elements of damages and was allowed recovery therefor. (1) The amount of the tax; and (2) attorney's fees incurred in the clearance of the lien.

The finding of the District Court was in part as follows: "On the 9th day of May, 1917, Peter F. Murray, a resident of New York State, who was then the owner of the premises in the said deed described, died, and at the time of the conveyance by the defendants [the defendants having obtained title through *mesne* conveyances] to the plaintiff there re-

mained open of record the inheritance tax due to the State of New Jersey on the transfer of real and personal property belonging to the above named deceased, which said inheritance tax is a lien on the property conveyed by the defendant to the plaintiff."

It is argued that the taxes in question were not a lien on the property. Murray's death occurred in 1917. They were presumably assessed under the act of 1909. *Pamph. L., p.* 325. Section 5 of that statute provides, in part, as follows: "All taxes levied and assessed under this act on the transfer of any real property shall be and remain a lien on said real property until paid."

The validity of a lien so imposed upon real estate was upheld by Vice-Chancellor Backes in *Archibald* v. *Maurath,* 92 *N. J. Eq.* 357, 362.

It is argued, however, there is nothing to show that the taxes were levied and assessed under this act. The answer to this is that if these taxes remained open of record as defendant agreed they did, then they must have necessarily been levied and asseessd pursuant to the act, because by his own stipulation validity of the assessment was not challenged.

As to the allowance of the defendant's legal expenses in and about the payment of the taxes there can be little doubt from the stipulation upon which the case was submitted to the trial court that these expenses were incurred to clear the property of the lien in question. Such expenditures were well within the foreseeable consequences of a breach of the covenant against the encumbrances. The court below quite properly regarded the stipulation as binding in the absence of evidence.

The judgment is affirmed, with costs.