INSTITUTION FOR SAVINGS IN NEWBURYPORT AND ITS VICINITY, petitioner.

Essex. April 1, 1941. — April 11, 1941.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Soldiers' and Sailors' Civil Relief Act. Land Court*, Jurisdiction, Certificate of title. *Mortgage*, Of real estate: foreclosure. *Real Property*, Registered land: certificate of title.

The soldiers' and sailors' civil relief act of 1940 did not deprive the Land Court of jurisdiction to order an assistant recorder to issue a new certificate of title under G. L. (Ter. Ed.) c. 185, § 70, to a mortgagee who had purchased at a foreclosure sale, had made proper affidavit under c. 244, § 15, and had duly complied with other formal pre-

---

[1] The judge's full finding on this issue was as follows: "I find that this statement was not true and that he had consulted a physician in April and May of 1938 before the application was signed. He was not then informed by the physician of the possibility that he might have cancer and he did not consider that he was a sick man at that time. The existence of the cancer was not discovered until August or September, 1938. I am unable to find, on all the evidence in this case, that the answer to the thirteenth question was made by the defendant in bad faith with intent to deceive the plaintiff, or that the matter misrepresented in this answer increased the risk of loss under the policy." — REPORTER.

requisites, where the judge, after a hearing following due notice to the mortgagor and his next of kin and the appointment of a guardian *ad litem* for the mortgagor, who was a patient in a State hospital for mental diseases, found that the mortgagor "is not now, and never has been, in military service within the meaning of the" act "nor has he ever made any conveyance, mortgage or pledge of the mortgaged premises to any person other than the" mortgagee.

PETITION, filed in the Land Court on January 29, 1941, for a new certificate of title.

The case was heard by *Smith, J.*

*M. G. Ayers,* for the petitioner, submitted a brief.

LUMMUS, J. By G. L. (Ter. Ed.) c. 185, § 70, after a foreclosure of registered land by sale under a power of sale contained in a mortgage, without any previous decree of a court for foreclosure, the affidavit required by c. 244, § 15, may be filed with the assistant recorder, and the purchaser at the foreclosure sale may present to the assistant recorder the deed under the power of sale for filing and registration, and obtain a new certificate of title. By c. 185, § 64, on a conveyance of registered land, the assistant recorder shall, "in accordance with the rules and instructions of the court, make out in the registration book a new certificate of title to the grantee, and shall prepare and deliver to him an owner's duplicate certificate." In *Federal National Bank of Boston* v. *Gaston,* 256 Mass. 471, 474, it was said, "The recorder and assistant recorder are officers of the Land Court performing duties for it. Their acts in so doing must be subject to the direction of the court." This is made plain by c. 185, § 60. *Waverly Co-operative Bank* v. *Haner,* 273 Mass. 477. *New York Life Ins. Co.* v. *Embassy Realty Co. Inc.* 293 Mass. 352. See also *Tyler* v. *Judges of the Court of Registration,* 175 Mass. 71, 80, 81.

In the present case the petitioner mortgagee presented to the assistant recorder for filing and registration a foreclosure deed to itself as purchaser at the foreclosure sale, and an affidavit of sale in accordance with G. L. (Ter. Ed.) c. 244, § 15. It presented to him for cancellation the owner's duplicate certificate of title. It asked for a new owner's certificate of title running to itself as the new owner. Every-

thing was regular under the laws of the Commonwealth, and the only reason why the assistant recorder referred the question of issuing the new certificate of title to the court was the possible effect upon that question of the soldiers' and sailors' civil relief act of 1940, approved October 17, 1940. Chapter 888, Third Session, 76th Congress, reprinted with annotation in 130 Am. L. R. 774–812.

The judge caused a notice to issue to the mortgagor, who had given the mortgage in 1926 but who in 1936 became and still is an insane patient at the Danvers State Hospital for Mental Diseases. This notice was served as directed by registered mail and was also published as directed in a newspaper.[1] A guardian *ad litem* for the mortgagor was appointed, and reported that he raised no objection to the issuance of a new certificate of title to the petitioner. The judge found as a fact that the foreclosure by sale was regular and lawful, and "that the mortgagor is not now, and never has been, in military service within the meaning of the 1940 act, nor has he ever made any conveyance, mortgage or pledge of the mortgaged premises to any person other than the petitioner." The judge ordered a new certificate of title to issue to the petitioner as prayed for, and reported to this court the question of his right to make that order.

The soldiers' and sailors' civil relief act of 1940 does not wholly prevent actions and judgments against persons "in military service" within the definition of those words in § 101 (1), much less against other persons. Under § 200 (1) a court may enter judgment against a person found not to be in military service, without requiring any affidavit that he is not in military service. There was no error in making the order in this case without requiring such an affidavit. *Howie Mining. Co.* v. *McGary*, 256 Fed. 38. *Eureka Homestead Society* v. *Clark*, 145 La. 918. *State* v. *District Court*, 55 Mont. 602. *Alzugaray* v. *Onzurez*, 25 N. M. 662. *Schroeder* v. *Levy*, 222 Ill. App. 252. *Harrell* v. *Shealey*, 24 Ga. App. 389.

---

[1] "Due notice" also was given to the mortgagor's mother "as next of kin." — REPORTER.

Section 302 of that act deals with the enforcement of obligations originating prior to October 17, 1940, (*Kendall* v. *Bolster*, 239 Mass. 152) secured by mortgage upon real or personal property owned by a person in military service at the commencement of the "period of military service" as defined in § 101 (2) and still owned by him. After provisions relating to proceedings in court to enforce such an obligation, § 302 (3) provides: "No sale under a power of sale . . . contained in any such obligation shall be valid if made during the period of military service or within three months thereafter, unless upon an order of sale previously granted by the court and a return thereto made and approved by the court."

That provision has no application where, as is found to be the fact in this case, no person affected by the foreclosure sale was or is in military service. *Morse* v. *Stober*, 233 Mass. 223. It furnishes no reason for denying the certificate of title to which the petitioner is entitled on the facts found. Even though the finding may conceivably be wrong, and some person in military service, who has some interest in the foreclosed land and whose rights under the soldiers' and sailors' civil relief act of 1940 would not be terminated by the issuance of the new certificate of title, may conceivably come to light later, that possibility should not prevent the Land Court from acting upon its finding made after adequate investigation. Sometimes a court, in the efficient administration of justice, must act upon its finding of some fact, usually a jurisdictional one, that cannot be so conclusively adjudicated by the judgment that it may not be questioned in subsequent proceedings. Instances are found in the law of administration and in the law of divorce. *Hibbard* v. *Aetna Casualty & Surety Co.* 301 Mass. 442. *Day* v. *Floyd*, 130 Mass. 488. *Whitwell* v. *Bartlett*, 211 Mass. 238. *Sewall* v. *Sewall*, 122 Mass. 156. *Andrews* v. *Andrews*, 176 Mass. 92; affirmed, 188 U. S. 14. *Langewald* v. *Langewald*, 234 Mass. 269. *Hersey* v. *Hersey*, 271 Mass. 545, 553, 554. *Bergeron* v. *Bergeron*, 287 Mass. 524. *Stoll* v. *Gottlieb*, 305 U. S. 165. *Kraskin* v. *Kraskin*, 104 Fed. (2d) 218. See also *Harvey* v. *Fiduciary*

*Trust Co.* 299 Mass. 457, 468, 469; *Davis* v. *Davis,* 305 U. S. 32, 118 Am. L. R. 1518.' There was no error in ordering the issuance of a new certificate of title.

We must not be understood, however, as deciding what is not before us for decision, that the new certificate of title would bar any person in military service who might have an interest in the foreclosed land from subsequently asserting the rights given him by § 302 (3) of the soldiers' and sailors' civil relief act of 1940. One consideration, among others, bearing on that question is that by G. L. (Ter. Ed.) c. 185, § 46, First, a certificate of title does not affect "rights arising or existing under the laws or constitution of the United States . . . which are not by law required to appear of record in the registry of deeds in order to be valid against subsequent purchasers or encumbrances of record." Section 302 (3) of the soldiers' and sailors' civil relief act of 1918 (40 U. S. Sts. at Large, 440, 444) which is reprinted in *John Hancock Mutual Life Ins. Co.* v. *Lester,* 234 Mass. 559, 560, was identical in terms with § 302 (3) of the act of 1940. Under the act of 1918 a person in military service could invalidate a foreclosure sale made without previous judicial order of sale, although his interest in the property was merely equitable and did not appear of record. *Hoffman* v. *Charlestown Five Cents Savings Bank,* 231 Mass. 324, 328, 329. *John Hancock Mutual Life Ins. Co.* v. *Lester,* 234 Mass. 559, 561, 562.

The methods adopted under the act of 1918 to obtain a foreclosure that could not be invalidated under § 302 (3) were (a) foreclosure by entry and possession for three years, G. L. (Ter. Ed.) c. 244, §§ 1, 2, a method to which § 302 (3) did not apply, *Bell* v. *Buffinton,* 244 Mass. 294, and (b) foreclosure by bill in equity in which an order of sale could be obtained that would satisfy § 302 (3). *John Hancock Mutual Life Ins. Co.* v. *Lester,* 234 Mass. 559. *Great Barrington Savings Bank* v. *Brown,* 239 Mass. 546. See now St. 1941, c. 25.

*Order affirmed.*