Syracuse Savings Bank, Plaintiff, *v.* Frederick A. Brown, as Executor of and Trustee under the Will of Minnie C. Kittle, Deceased, et al., Defendants.

Supreme Court, Onondaga County, June 4, 1943.

*Hiscock, Cowie, Bruce, Lee & Mawhinney* for plaintiff.

No appearance for defendants.

CREGG, J. This is an application for the appointment of a guardian *ad litem* for unknown defendants and an attorney to represent the interests of defendants who may be in the military service. The action is to foreclose a mortgage upon the real property described in the complaint. It appears from the moving papers that there are unknown defendants who may be infants or incompetents or who may be engaged in the military service of the United States. The moving papers also show that the necessary publication required by law, in order to give the plaintiff jurisdiction, has taken place and that the required time has expired since the date of the last publication; that no one has appeared to defend the action, and that service of the summons and complaint upon an attorney appointed by an order of this court has been made.

The matter would be very simple if it were not for the fact that there may be unknown defendants who are in the military service. If there are such defendants in the service, it is not known whether they entered before or after the beginning of this action or before or after the enactment of the Soldiers' and Sailors' Civil Relief Act of 1940 as amended in 1942. (U. S. Code, tit. 50, Appendix, § 501 *et seq.*)

That Act recognizes the jurisdiction of courts of equity to foreclose mortgages and grant judgments therein but subjects those who invoke such jurisdiction to certain requirements and provisos as conditions precedent to obtaining the relief sought. It also empowers the court to stay mortgage foreclosure proceedings where one or more of the defendants is in the military service or make such other disposition of the case as may be equitable to conserve the interests of all the parties. [See U. S. Code, tit. 50, Appendix, § 520, § 532, subds. (2), (3); *Boone* v. *Lightner*, 319 U. S. 561.]

In my judgment, the purpose of that Act is to protect the interests of persons in the military service and to relieve them from the mental distress occasioned by the handicap of their response to the call of their country. To meet this situation and to give such persons in military service protection and a degree of mental repose, the courts are authorized and directed to intervene to the end that their rights and remedies shall not be impaired or jeopardized in consequence of such military service.

Subdivision (3) of section 302 of the Act (as amd.) [U. S. Code, tit. 50, Appendix, § 532, subd. (3)] provides: " (3) No sale, foreclosure, or seizure of property for nonpayment of any sum due under any such obligation, or for any other breach of the terms thereof, whether under a power of sale, under a judgment entered upon warrant of attorney to confess judgment contained therein, or otherwise, shall be valid if made after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 [Oct. 6, 1942] and during the period of military service or within three months thereafter, except pursuant to an agreement as provided in section 107, unless upon an order previously granted by the court and a return thereto made and approved by the court.''

There is evidently some confusion in reference to the interpretation to be given to the phrase " upon an order previously granted by the court and a return thereto made and approved by the court.'' (See *Stability Bldg. & Loan Assn.* v. *Liebowitz*, 132 N. J. Eq. 477.) In my opinion, " order previously granted '' means order made before and at any time up to the judgment of foreclosure. ' Previous ' is synonymous with " next prior to '' or " next preceding '' and does not mean a period prior to the date of the Soldiers' and Sailors' Civil Relief Act or the date the soldier entered the military service. (*State ex rel. Lewis* v. *Board of Education of New Haven*, 88 Conn. 436, 440; *State of Iowa* v. *Gunagy*, 84 Iowa 177.) Any other construction would take from the language its ordinary significance. It would leave mortgagees without protection if a soldier defendant entered the service before the Act took effect or before the action was begun (*John Hancock Mut. Life Ins. Co.* v. *Lester*, 234 Mass. 559, 561), or where they are unable to satisfy the court that no defendants are in such service.

Evidently the Legislature of this State had in mind the Federal statute (*supra*) when it enacted section 303 of article XIII of the Military Law (New York State Soldiers' and Sailors' Civil Relief Act). Subdivision 1 of said section 303, as amended (L. 1943, ch. 533, eff. April 16, 1943), provides:

" 1. In any action or proceeding commenced in any court, if there shall be a default of an appearance by the defendant, the plaintiff, *within twenty days before the entry* of judgment, shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit, plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment. Unless it appears that the defendant is not in such service the court may require, as a condition before judgment is entered, that the plaintiff file a bond, approved by the court, conditioned to indemnify the defendant, if in military service, against any loss or damage that he may suffer by reason of any judgment should the judgment be thereafter set aside in whole or in part. And the court may make such other and further order or enter such judgment as in its opinion may be necessary to protect the rights of the defendant under this act." (Italics supplied, indicating amendment by L. 1943, ch. 533.)

That section, in my judgment, gives the court a right, and it is its duty upon application, to appoint an attorney to represent and protect the interest of a defendant who is in the military service or one who may be in the military service but cannot be found, before judgment can be entered against him. Such procedure in this action will fully protect the interest of any unknown soldier because if the court, after a hearing, and upon affidavits or testimony taken in open court, determines that the property is worth more than the amount of the mortgage, it has unlimited power to protect the soldier to the fullest extent by staying the proceedings, or requiring the plaintiff to file a bond conditioned to indemnify such defendant, if any there be, against any loss or damage that he might suffer. If the property is worth less than the amount of the mortgage, the court may grant the decree of foreclosure and sale without requiring the plaintiff to file such bond and thus give the mortgagee protection without injuring the soldier.

Order may be entered appointing Thomas J. Lowery, a disinterested attorney, guardian *ad litem* for unknown defendants.

Such order shall also provide that he act as attorney for any unknown defendant or defendants who may be in the military service. Such order shall further provide that such attorney make a full investigation of all the matters pertaining to the foreclosure proceedings and present to the court by affidavit or otherwise proof of the value of the property involved, the amount of the mortgage thereon with accumulations and whether or not, in his opinion, the interests of any defendant who may be in the military service will be materially affected by granting a judgment of foreclosure and sale.