26 N.J. Super. 133 (1953)
97 A.2d 431
THE BOROUGH OF EAST RUTHERFORD, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
H. JEROME SISSELMAN, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided May 22, 1953.
*135 Mr. Raymond H. Flanagan, attorney for the plaintiff (Mr. Alexander M. Goldfinger, of counsel).
Mr. Albert V. D'Amato, attorney for the defendant.
Mr. Harry Schaffer, attorney for the intervenors.
*136 STANTON, J.S.C.
This is an action for the specific performance of a contract for the sale of lands by the plaintiff to the defendant. It acquired its title through the foreclosure of the right of redemption under ten tax sale certificates in a proceeding brought under the In Rem Tax Foreclosure Act, N.J.S.A. 54:5-104.29 et seq. The defendant declined to accept tendered deeds on the ground that the title was unmarketable because of the plaintiff's failure to comply with certain provisions of the foreclosure statute and of the Soldiers' and Sailors' Civil Relief Act. The case was submitted upon a written stipulation of facts which was supplemented orally upon the argument.
Twelve title insurance companies asked leave to intervene as defendants and an order was entered granting it. A brief has been filed in their behalf. Their status is really that of amici curiae.
The constitutionality of the In Rem Tax Foreclosure Act was affirmed in City of Newark v. Yeskel, 5 N.J. 313 (1950). There the statute was extensively discussed, authorities were reviewed, and it was concluded that it did not contravene the requirements of due process guaranteed by the Federal and State Constitutions.
N.J.S.A. 54:5-104.38 provides:
"The petition shall set forth:
a. The tax foreclosure list;
b. The name of the person or one of the persons who, according to the records in the office of the county recording officer, appears as a transferee or purchaser of title to the land to be affected by the tax foreclosure proceedings, and the book and page or date and instrument number of the instrument by which such person acquired title; or the word `unknown' if no such person can be discovered by a search of the records of ownership in the county recording officer's office for a period of sixty years next preceding the preparation of the tax foreclosure list;
c. A prayer for relief pursuant to this act.
The petition may also include a description by metes and bounds of the land to be affected." L. 1948, c. 96, p. 537, sec. 10.
The data to be contained in the tax foreclosure list is set forth in N.J.S.A. 54:5-104.35. It is conceded here that *137 a tax foreclosure list conforming with the statute was included in the complaint filed in the foreclosure action and that among other things it set forth the names of the persons appearing as owners of the lands to be affected by the foreclosure proceedings as they appeared on the last tax duplicate of the municipality. A question is raised, however, as to whether the complaint was in conformity with subsection (b), quoted above. The defendant contends that it requires that there be set forth the name of the last person in the chain of title to each parcel as the transferee or purchaser of title and charges that the plaintiff failed to do this; that the complaint did not include as transferees or purchasers the names of actual owners, even though such names could be ascertained only by searching records other than those in the office of the county recording officer; and that the plaintiff included the names of some transferees and purchasers who acquired title more than 60 years prior to the preparation of the tax foreclosure list. The plaintiff insists that it was not required to make a complete search of the title to the lands in question, but only as to the records of ownership in the office of the county recording officer, who in this case is stipulated to be the Clerk of Bergen County; that by the statutory provision quoted above it was required only to list the name of the person or one of the persons who appears as a transferee or purchaser of title to the land in question; and that the naming of transferees or purchasers who acquired title more than 60 years next preceding the preparation of the tax foreclosure list instead of describing them as "unknown" does not invalidate the proceedings.
It was stipulated that the plaintiff, starting with the names of the owners of the lands as they appeared on the last tax duplicate and in the tax foreclosure list, made a proper search in the office of the Clerk of Bergen County and such search disclosed the names of owners as set forth in the foreclosure complaint and that such search disclosed no other names; that such persons were not in all cases the actual and true owners of some of the lands in question; that the *138 names of some of the owners could be ascertained only by a complete search of the public records; that the examination of records in various surrogate's offices disclosed testamentary dispositions and applications for administration which led to the discovery in the county clerk's office of conveyances by executors, devises and heirs; and that where the complaint set forth no owner, with respect to a given lot, within a period of 60 years next preceding the preparation of the tax foreclosure list, that none would in fact be disclosed by a sixty-year search in the county clerk's office starting with the name of the owner as it appeared on the last tax duplicate.
While it would appear from a reading of the statute that the only search required to be made by the municipality was of the records of ownership in the county clerk's office, the defendant, relying on the following language in City of Newark v. Yeskel, at page 324:
"* * * (5) a petition must be filed with the court setting forth the tax foreclosure list, the description of the lands affected, and the names of the persons who by the public records appear to be the owners * * *."
contends that a complete search should be made of all the public records affecting the title to the lands. The above quotation is wrenched out of its context. It forms part of one of 14 numbered items which the court set forth in its analysis of the In Rem Tax Foreclosure Act. To complete the 5th item quoted from, there should be added: "pars. 8, 9, 10 (N.J.S.A. 54:5-104.36, 37, 38)." Upon reference to the cited sections of the act, it is clear that the court was referring to the public records in the office of the county recording officer. In the Yeskel case the court did not construe the statute. It merely passed upon its constitutionality. At page 329 it was conceded by the defendant in that case that the foreclosure proceedings in question "were conducted by the plaintiff in full compliance with the In Rem Tax Foreclosure Act (1948) R.S. 54:5-104.29." The words of the statute at this point are plain and unambiguous that the *139 municipality was required to make a search only in the office of the county recording officer, and according to the stipulation it made such a search in the proper manner and set forth in the complaint the name of the person or one of the persons who appears as a transferee or purchaser of title to the lands to be affected. It was not required to make a search in all the public offices where data regarding the title holders might appear.
N.J.S.A. 54:5-104.38(b) does not provide that the complaint shall contain the name of the last person in the title. It requires only the naming of "the person or one of the persons who, according to the records * * * appears as a transferee or purchaser of title to the land to be affected * * *." The absence of the word "last" is significant in view of its presence in N.J.S.A. 54:5-104.35(i), which provides that in the foreclosure list there shall appear "The name of the person appearing as the owner of the land * * * as it appears on the last tax duplicate of the municipality, or the word `unknown,' if no name appears thereon." In passing upon this phase of the matter, it should be kept in mind that the foreclosure proceeding is one strictly in rem; that it may be brought only by a municipality and against property as to which taxes are in arrears. It is not against any person. There is a design, of course, to list names of owners for the obvious purpose of bringing home to interested persons that the premises are under foreclosure. The proceeding in reality is a part of the process of the State in assessing and collecting taxes for the government. It is not an action inter partes. The object of the suit is to reach the land assessed. The proceedings are summary. N.J.S.A. 54:5-104.32. The act "* * * shall be liberally construed as remedial legislation to encourage the barring of rights of redemption * * *." N.J.S.A. 54:5-104.31.
Is there a fatal defect in the foreclosure proceedings because the plaintiff failed to set forth the word "unknown" in the complaint pursuant to N.J.S.A. 54:5-104.38(b), but instead set forth the names of owners who appeared *140 of record in the county clerk's office at a time more than 60 years prior to the preparation of the tax foreclosure list? "Unknown" is entirely negative and it does not serve to give notice. It implies that the search as directed by the statutory provision last referred to disclosed no person as a transferee or purchaser of title to the land in question. The requirement to state the word "unknown" in the complaint may be said to be directory rather than mandatory, in the light of the other provisions of the statute. Moreover, the listing of the name of a person as a transferee or purchaser of title whose instrument of title was recorded more than 60 years next preceding the preparation of the tax foreclosure list may be said reasonably to imply that no such person appeared as the result of the search of the records of ownership in the office of the county recording officer for such 60-year period; and it is more likely to bring notice to an interested party than the mere statement of "unknown." The essential thing in an in rem tax foreclosure proceeding is the description of the lands, as the proceeding is against them.
In connection with all this, no owner can complain if his name does not appear in an in rem tax foreclosure proceeding. He is charged with notice of legislation relating to the taxation of real property, among which are the following: (1) N.J.S.A. 54:4-1: "All property real and personal * * * shall be subject to taxation * * *"; (2) N.J.S.A. 54:4-23: "The assessor shall ascertain the names of the owners of all real property situate in his taxing district, * * *" and (N.J.S.A. 54:4-24) "make a list in tabular form of the names of the owners, * * *. If the name of the owner of a parcel shall be unknown, it shall be so entered * * *"; (3) N.J.S.A. 54:4-29: "the new owner may present his deed or other evidence of title to the assessor * * *" who "shall properly note and record on the books * * * the proper change of ownership * * *"; (4) N.J.S.A. 54:4-30 provides that the county clerk or register shall ascertain the name and address of the grantee of every deed recorded in his office, and (N.J.S.A. 54:4-31) *141 send an abstract of the deed or other instrument with the name and address of the grantee to the assessor, who shall properly note the facts therein contained; (5) N.J.S.A. 54:4-64: "* * * every taxpayer is put upon notice to ascertain from the proper official of the taxing district the amount which may be due for taxes." N.J.S.A. 54:5-104.48 provides:
"At any time after the enactment of this act, any owner of land or mortgagee thereof, or any person having a lien or claim thereon, or interest therein, may file with the tax collector of the taxing district wherein such land is located, a notice stating his name, residence and post-office address, and a description, as shown in the last tax duplicate of the municipality, of the parcel of land in which such person has an interest, which notice shall continue in effect for a period of five years, unless earlier canceled by such person." L. 1948, c. 96, p. 540, sec. 20.
In City of Newark v. Yeskel, supra, it was said, at page 316:
"The right of redemption of land sold for delinquent taxes is not an absolute right but is dependent upon constitutional provisions or statutory grant. In the absence of any constitutional provisions respecting the right it exists only so far as specifically provided for by statute."
and at page 318:
"Thus it appears that the right of redemption is such that it can be barred without any notice if the statute creating the right so provides."
and again at page 323:
"It must be observed that a tax proceeding is not a suit between parties but is the exercise of the sovereign's prerogative power to tax. The State is the one party; the property the other. The doctrine to be evolved from the cases is that where the owner of property is given a right to redeem by statute and has had the opportunity to contest the assessment, the extinguishment of his rights in the property, either by the tax sale itself or by subsequent proceedings, may be accomplished by a strict adherence to the enabling statute which may limit the notice to be given of the proposed action to bar the right of redemption to posting or publication *142 or no notice other than the statute itself, and any of said forms of notice shall be sufficient to satisfy the requirements of constitutional due process both as to residents and nonresidents. See 145 A.L.R. 597 and cases therein cited."
In the case sub judice, it is not questioned that there was publication and posting of notice as required by N.J.S.A. 54:5-104.46, 47 and 50.
The foreclosure proceedings fully complied with the requirements of the act and therefore the defenses predicated on nonconformance with it fall.
An issue is presented as to the applicability of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. App., sec. 501 et seq. It has been stipulated that in the foreclosure proceeding no affidavit as to military service was filed. In the present action it is neither alleged nor proved that any one who had an interest in the lands was actually in the military service during the pendency of the foreclosure action.
There is no provision in the act proscribing or limiting the right of a municipality to impose taxes upon the real property of a person in military service, but it is urged that sections 520, 525 and 560 thereof are applicable to an in rem foreclosure proceeding.
Section 520 provides that if there has been a default of any appearance by the defendant, the plaintiff before entering judgment shall file in the court an affidavit as to the military service of the defendant. From the very words of this section it is clear that it relates only to actions inter partes. It speaks of the military status of the defendant. As stated above, the foreclosure proceeding in question was one strictly in rem. While persons having an interest in the lands were named in the complaint, they were not parties defendant. The action was one by the municipality against the lands in question. Therefore the filing of an affidavit as to military service was not required. Cf. In re Baltimore & O.R. Co., 63 F. Supp. 542 (D.C.D. Md. 1945), certiorari denied 328 U.S. 871, 66 S.Ct. 1375, 90 L.Ed. 1641, rehearing denied Phillips v. Baltimore & Ohio R. Co., 329 *143 U.S. 821, 67 S.Ct. 34, 91 L.Ed. 699 and Crozier v. Baltimore & O.R. Co., 329 U.S. 823, 67 S.Ct. 108, 91 L.Ed. 700.
Section 560, which places limitations upon the sale of real property owned by a person in the military service for the nonpayment of taxes assessed against it, is not applicable here because by its very terms it is effective only as to "real property owned and occupied for dwelling, professional, business or agricultural purposes by a person in military service or his dependents" and it has been stipulated here that the realty is marsh lands, unoccupied and unused.
Section 525 provides, inter alia, as follows with respect to the period of military service:
"* * * nor shall any part of such period which occurs after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 (Oct. 6, 1942) be included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax, or assessment. Oct. 17, 1940, c. 888, § 205, 54 Stat. 1181; Oct. 6, 1942, c. 581, § 5, 56 Stat. 770."
It was held in Le Maistre v. Leffers, 333 U.S. 1, 68 S.Ct. 371, 92 L.Ed. 429 (1948), that the running of the time to redeem granted a land owner under the state law was tolled as long as he was in the military service, and the effect of the act was to give him the same length of time after his discharge for that purpose. Assuming that it would constitute a defense to the present action if it were established that a person who was in the military service during the pendency of the foreclosure action had time under section 525 within which to redeem, the fact remains that there is no proof that there is any such person. Such a defense is an affirmative one and the burden of proof is upon the defendant. Cf. Petition of Institution for Savings in Newburyport, 309 Mass. 12, 33 N.E.2d 526, 137 A.L.R. 448 (Sup. Jud. Ct. 1941). Where proceedings are regular upon their face, the burden of proof is on the vendee to show a defect whereby the title based thereon was rendered unmarketable; and where there is good title of record the burden is on him to *144 show in fact that it is doubtful. Day v. Kingsland, 57 N.J. Eq. 134, 41 A. 99 (Ch. 1898). See also Stec v. Weigang, 115 N.J.L. 292, 179 A. 378 (Sup. Ct. 1935).
The defendant having failed to show that there is any outstanding right in any one to redeem the premises in question or any part thereof, pursuant to section 525, he cannot refuse to accept title on the ground that it is unmarketable because of the requirements of the Soldiers' and Sailors' Civil Relief Act.
Judgment may be entered for plaintiff.