CRABTREE, J.T.C.
Defendant moves pursuant to R. 4:6-2 for dismissals of plaintiffs’ complaints in these local property tax cases on the ground of untimely filing. The facts essential to a disposition of the motion can be stated briefly.
Plaintiff [1], the owner of real property located at 2019 West Street (Block 108, Lot 1A) and 1800 Summit Avenue (Block 108, Lot IB), both in Union City, New Jersey, filed complaints by way of direct appeals with this court on November 29, 1982, *417 pursuant to N.J.S.A. 54:3-21, the assessment on both lots exceeding the jurisdictional minimum of $750,000. Plaintiff sought a restoration of its exemption or, in the alternative, a reduction in the assessments on the basis of true value and assessment discrimination. Plaintiff’s claims for relief embraced both 1982 and 1983.
Defendant’s tax collector mailed the tax bills affecting the subject property to plaintiff on August 18, 1982. Those bills, which plaintiff received on August 20 and August 23, 1982, set forth the amounts due for the Third and Fourth Quarters of 1982 and the first two quarters of 1983, and specified the quarterly due dates. The bills also showed the 1982 assessments and the 1982 tax rate, including the components thereof.
The tax bills not having been delivered to plaintiff and other taxpayers prior to July 15, 1982, the Hudson County Board of Taxation, with the approval of the Director of the Division of Taxation, extended the time for appeals to the county board by 30 days, or until September 14,1982, in accordance with N.J.S.A. 54:3-21.4, N.J.S.A. 54:3-21.5 and N.J.A.C. 18:12-5.1.
Plaintiff claims that, shortly after receipt of the tax bills, one of plaintiff’s attorneys called defendant’s assessor, who stated that the tax due was prospective and applied to 1983 only. Plaintiff asserts that it relied upon the assessor’s representation in failing to file an appeal with respect to 1982 taxes.
N.J.S.A. 54:3 — 21 provides that appeals to the county board of taxation must be filed by August 15 of the tax year. An exception is made where, as in this case, tax bills are not delivered to the taxpayer by July 15, in which event the time for appeal may be extended by as much as 30 days. N.J.S.A. 54:3-21.4; N.J.S.A. 54:3-21.5; N.J.A.C. 18:12-5.1. The county board granted the maximum extension here, i.e., to September 14,1982. N.J.S.A. 54:3-21 also provides for direct appeals to the Tax Court where the assessment exceeds $750,000. The statutory filing deadline for direct appeals is August 15. No provision is made in any statute for extension of that deadline.
*418 Compliance with statutory filing requirements is an unqualified jurisdictional imperative, long sanctioned by our courts. Newark v. Fischer, 3 N.J. 488, 70 A.2d 733 (1950); Danis v. Middlesex Co. Bd. of Taxation, 113 N.J.Super. 6, 272 A.2d 542 (App.Div.1971); Prospect Hill Apts. v. Flemington, 1 N.J.Tax 224, 172 N.J.Super. 245, 411 A.2d 737 (Tax Ct.1979); Mayfair Holding Corp. v. North Bergen Tp., 4 N.J.Tax 38 (Tax Ct.1982). Failure to file a timely appeal is a fatal jurisdictional defect. Clairol v. Kingsley, 109 N.J.Super. 22, 262 A.2d 213 (App.Div.), aff’d 57 N.J. 199 (1970); Sun Life Assur. Co. of Canada v. Orange, 2 N.J.Tax 25 (Tax Ct.1980).
Notwithstanding the extension of the county board filing deadline to September 14, 1982, plaintiff chose not to file with that tribunal, but filed a direct appeal with this court instead. As the complaints were filed long after August 15, 1982, the jurisdictional bar is absolute with respect to the 1982 assessments, unless there is legal justification for plaintiff’s reliance upon statements allegedly made by defendant’s assessor to the effect that 1982 taxes were not involved. In this regard, plaintiff argues that defendant is estopped, on equitable grounds, from asserting a jurisdictional bar to plaintiff’s right to judicial review of the assessments.
The doctrine of estoppel is not lightly invoked against government, especially in tax matters, where the public interest is so vitally affected. Airwork Service Div. v. Taxation Div. Director, 2 N.J.Tax 329 (Tax Ct.1981), aff’d o.b. per curiam 4 N.J.Tax 532 (App.Div.1982); Jersey City v. Roman Catholic Diocese of Newark, 4 N.J.Tax 593 (Tax, Ct.1982); Mayfair Holding Corp. v. North Bergen Tp., supra. To invoke estoppel against a governmental agency the circumstances must be extreme. Pennyton Homes, Inc. v. Stanhope Planning Bd., 78 N.J.Super. 588, 189 A.2d 838 (App.Div.1963).
The circumstances of this case do not warrant applications of estoppel against defendant. To begin with, N.J.S.A. 54:4-64 imposes upon every taxpayer a duty to ascertain the amount due for taxes against him or his property. Secondly, the *419 tax bills in question set forth the assessments on plaintiff’s property, the tax rate and the components thereof, the amounts due and the due dates for each of the last two quarters of 1982 and the first two quarters of 1983. The tax rates for the current calendar year embracing county, school and local purpose taxes, are not required to be fixed by the county board until May 13. N.J.S.A. 54:4-55. At that time — and not before — the tax collectors are in a position to prepare and mail the tax bills. N.J.S.A. 54:4-64. Those bills are prepared to reflect the total tax levied against each property for the calendar year, with the amount payable for the last two quarters calculated to reflect amounts charged for the first two quarters. N.J.S.A. 54:4-66(c). The tax bills mailed to plaintiff reflected compliance with all the relevant statutory provisions. A property owner is charged with notice of legislation relating to the taxation of his property. East Rutherford v. Sisselman, 26 N.J.Super. 133, 97 A.2d 431 (Ch.Div.1953).
Even if defendant’s assessor made the statements attributed to him, plaintiff is not entitled to rely on them. A taxing authority is not bound or estopped by the unauthorized acts of its officers. Bayonne v. Murphy & Perrett Co., 7 N.J. 298, 81 A.2d 485 (1951); Airwork Service Div. v. Taxation Div. Director, supra.
To the extent that plaintiffs’ complaints seek relief from the 1983 assessments, they stand on a different footing. While those complaints were prematurely filed with respect to 1983, they are not now premature, the assessments for 1983 having been completed. Moreover, filing of a direct appeal from 1983 assessments is not barred if filed on or before August 15, 1983. N.J.S.A. 54:3-21. For the sake of record clarity, however, I direct that plaintiff refile for 1983, with a separate complaint for each lot. Each annual assessment gives rise to a separate cause of action. Hackensack Wafer Co. v. Div. of Tax Appeals, 2 N.J. 157, 65 A.2d 828 (1949). Also, each lot is in separate ownership, requiring separate complaints and separate filing *420 fees for each lot. R. 8:12(a); Princeton Campus Club v. Princeton Boro, 4 N.J.Tax 632 (Tax Ct.1982).
Defendant’s motion to dismiss is granted with respect to 1982. Defendant’s motion is also granted to the extent that 1983 is embraced in the same complaint as 1982, but leave is given plaintiff to refile for 1983 in accordance with the conditions hereinabove set forth.
Judgment will be entered in accordance with this opinion.

For the sake of simplicity the two related plaintiffs will be referred to in the singular.